IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMELO ROMAN, RICARDO ROMAN-RIVERA and SDM HOLDINGS, INC., individually and on behalf of all others similarly situated<br><br>Plaintiffs<br><br>vs<br><br>UBS FINANCIAL SERVICES, INC. OF PUERTO RICO; UBS TRUST COMPANY OF PUERTO RICO; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO INVESTORS BOND FUND I, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; MIGUEL A. FERRER and CARLOS J. ORTIZ<br><br>Defendant | CIVIL 12-1663CCC |

**CASE MANAGEMENT ORDER**

The Court issues this Case Management Order pursuant to Fed. R. Civ. P. 16(b). The purpose of the Case Management Order is to schedule and plan the course of litigation to achieve a just, speedy and inexpensive determination of this action. The Court expects that counsel will (1) be mindful that, as officers of the Court, they are duty-bound to conduct themselves with utmost civility and professionalism to each other and the Court, (2) faithfully adhere to the Federal Rules of Civil Procedure and the Court's Local Rules, (3) earnestly attempt to resolve discovery disputes without the need for Court intervention.

**I. CASE MANAGEMENT DEADLINES**

The Court has organized the Case Management Order according to the successive milestones that occur throughout the life of the average "standard track" lawsuit. See Amended Civil Justice Expense and Delay Reduction Plan for Implementation of the Civil

Justice Reform Act of 1990 in the District of Puerto Rico.  The parties are advised that the Court has been lenient in allocating time for completion of each milestone to avoid later amendments to the schedule.  Unless the Court orders otherwise, the conditions and deadlines set forth in this Order are binding on all parties and counsel.

### A.    Preliminary Deadlines

Any defendant who has not answered the complaint, notwithstanding having filed a motion to dismiss or other dispositive motion,  shall file the answer within fifteen (15) days after notice of this order, unless the court  has already granted a specific term in which to answer the complaint by separate order.  **All unidentified "John Doe" type defendants shall be identified by their true names within thirty (30) days after notice of this order**. Failure to do so will result in their dismissal without prejudice.

### B.    Rule 26(a)(1) Initial Mandatory Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties must, <u>without awaiting a discovery request</u>, provide to the other parties the following information: (1) the names and, if known, the address and telephone numbers of each individual likely to have discoverable information that the discovering party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information of all individuals who have discoverable information regarding the case, (2) a copy of, or a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment, (3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, (4) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be

liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.  See Fed. R. Civ. P. 26(a)(1)(A)-(D).

These Rule 26(a)(1) mandatory disclosures, if still not made, shall be made by **January 11, 2013**.  The parties are reminded that they must make their initial disclosures based on the information then reasonably available to them and are not excused from making their disclosures because they have not fully completed their investigation of the case or because they challenge the sufficiency of another party's disclosures or because another party has not made its disclosure.

    C.   Rule 26(a)(2) Mandatory Disclosures of Expert Testimony

Pursuant to Rule 26(a)(2)(A), in addition to the disclosures required above, a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 Federal Rules of Evidence.

Pursuant to Rule 26(a)(2)(B):

> [T]his disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

These Rule 26(a)(2)(B) mandatory disclosures on experts shall be made in the following manner:

    (1)   Plaintiff's expert report is due sixty (60) days **before** expiration of the discovery deadline.

    (2)   All defendant's expert reports are due thirty (30) days **before** expiration of the discovery deadline. The parties must file any objections under Daubert v. Merrell Dow

Pharmaceuticals, Inc., 509 US 579 (1993), no later than thirty (30) days after conclusion of discovery.  Response(s) are due twenty (20) days thereafter.  Failure to raise objections within this timeframe will be deemed to constitute a waiver of any Daubert challenge.

The parties are admonished that, pursuant to Rule 26(b)(4)(A) the deposition of an expert witness shall not be conducted unless the report has been timely provided pursuant to Section C(1) and (2) of this Order.

      D.    Discovery Deadline

The parties are GRANTED until **July 31, 2013** to conduct discovery.  By this deadline, all interrogatories and requests for admissions must be answered and all depositions and examinations taken. This means that interrogatories and requests for admissions must be served at least thirty (30) days prior to the deadline and notice of depositions given within a reasonable time within the deadline.  The parties are advised that the discovery period established herein will not be postponed or altered except for good cause shown**.**  Any motion seeking an extension of the discovery deadline must be filed well in advance of the deadline, and shall contain the specific reasons why the Court shall extend the discovery deadline as well as the extension proposed.

During the discovery period the parties shall engage in cooperative efforts to conclude all their discovery.  The parties will not be allowed to extend discovery on their own by merely agreeing to do so.  Nor may the parties stay the discovery by agreement.  **A stay of proceedings requires a Court order.**  In the absence of a Court order, discovery shall continue even if there is a dispositive motion pending.  Any discovery problem which may not be solved informally as required by the Local Rules of Procedure, shall be brought promptly to the Court's attention.  However, a party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute, as required by Local Civil Rule 26(b).  If that good faith effort is unsuccessful, the moving party may seek a prompt hearing with a Magistrate Judge by telephone or in person.  While

CIVIL 12-1663CCC                              5

any such problem is pending resolution by the Court, discovery on all other matters shall continue. The parties are reminded that they are not to file any discovery papers with the Court other than as permitted by Local Civil Rule 26(c).

     E.    Dispositive Motions Deadline

Any dispositive motion shall be filed within thirty (30) days after the conclusion of discovery. If not filed by said date, the arguments thereunder shall be deemed waived. Any opposition will be filed within ten (10) days after notice of the filing of the motion. If any reply to the opposition is needed, it shall be filed only after requesting leave from the Court as required by Local Civil Rule 7(c). No other pre-trial dispositive motion shall be filed without first requesting and obtaining the Court's permission. The filing of dispositive motions does not serve as a basis to vacate the pretrial and settlement conference settings, nor does it interrupt discovery or suspend any of the deadlines set in this Case Management Order.

Notwithstanding the deadline established above, if a given issue is mature for summary disposition the Court expects the parties to file a motion under Fed. R. Civ. P. 56 as soon as the issue ripens. The Court advises counsel to be selective when filing summary judgment motions. Dispositive motions as a whole are useful tools for managing certain kinds of issues and cases, but they should be used sparingly, and only after a close examination of the facts and applicable law. Motions anchored on tenuous grounds should be avoided at all costs.

The Court will not accept so-called motions "to dismiss and/or for summary judgment." The standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to take all well-pleaded allegations of fact as true, while the standard applicable to a Rule 56 motion for summary judgment requires only that the Court indulge in favor of the non-moving party all reasonable inferences arising from such facts as may have been established by affidavit, deposition, or other such reliable method.

Furthermore, the requirements of Local Civil Rule 56 apply only to motions for summary judgment. Filing hybrid motions is inappropriate and fosters only confusion and delay.

Dispositive motions shall not exceed twenty-five (25) pages in length. The Court will not consider motions which exceed that length unless the filing party requests prior leave from the Court, and then only for good cause shown.

The Court reminds the parties that when moving for summary judgment they are required to file, as an annex to the motion:

> [A] separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue . . . to be tried. Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of [Local Civil Rule 56(e)].

See Local Civil Rule 56(b). The Court will deny any motion for summary judgment that fails to comply with **any** part of this rule.

F.   Motions in Limine

Deadline for filing motions in limine will be established at the Pretrial/Settlement Conference.

G.   Pretrial Conference

**The pretrial conference will be held on December 10, 2013 at 4:45 PM.** This conference will be governed by Fed. R. Civ. P. 16 and Local Civil Rule 16(c), (d), (e), (f), (g) and (h). Each party shall be represented by the attorney who expects to conduct the actual trial and each attorney shall be familiar with the rules of pretrial aforementioned.

Counsel are directed to meet informally at least fifteen (15) days prior to the date of the pretrial conference to discuss settlement and if settlement cannot be reached, to review, mark, and designate exhibits and depositions, discuss and prepare the proposed Joint Pretrial Order. A sample of a Joint Proposed Pretrial Order is available and may be requested from the undersigned's Courtroom Deputy Clerk. The proposed Joint Pretrial Order shall be filed with the Clerk of the Court  at least five (5) days before the scheduled

CIVIL 12-1663CCC                             7

date for the pretrial conference.  **A courtesy copy of the Joint Pretrial Order must be sent to the undersigned's chambers.**  Counsel are reminded that failure to participate in good faith in the preparation of the required Joint Pretrial Order, or participating while being substantially unprepared, are noncompliant acts under Fed. R. Civ. P. 16(f) and 41(b), that may result in sanctions, including the payment of reasonable expenses incurred by the noncompliance or fines levied upon attorneys personally; dismissal of the complaint; the prohibition of certain witness' testimony and the admission of facts.  See Boettcher v. Hartford Insurance Co., 927 F.2d 23 (1st Cir. 1991); Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991).

Once the Joint Proposed Pretrial Order is approved by the Court, it will govern the trial proceedings and amendments will only be allowed by the Court to prevent manifest injustice.

H.   Settlement Conference

**A settlement conference will also be held on December 10, 2013 at 5:00 PM.**  The Court will explore settlement prospects at the conference because it believes that extrajudicial resolution of disputes is the most efficient and effective way to end litigation.  To that end, counsel must have their clients available by telephone or in person for immediate consultation during the settlement conference.

I.   Trial

**The jury trial in this action will be held on March 3, 2014 from 10:00 AM to 1:00 PM and from 2:00 PM to 5:00 PM.**  The parties are hereby GRANTED a term of fifteen (15) days after notice to inform of any calendar conflicts or other reasons which may justify a continuance of this setting.  The parties are admonished that if no objections are raised to this setting within the term allowed, NO CONTINUANCES WILL LATER BE GRANTED.  They are expressly advised that trial will not be continued because counsel

CIVIL 12-1663CCC                              8

have agreed to recommend a settlement. A trial date will be passed ONLY IF A SETTLEMENT HAS BEEN FIRMLY BOUND.

    *1. Calendar conflicts*

The parties are advised that pursuant to Local Civil Rule 3.2(f), the following order of precedence is established to resolve calendar conflicts amongst judicial officers:

    a.    Trials shall take precedence over all other hearings.

    b.    Jury trials shall take precedence over non-jury trials.

    c.    Criminal cases shall take precedence over civil cases.

    d.    Criminal cases involving defendants in custody shall take precedence over other criminal cases.

    e.    Among criminal cases not involving defendants who are in custody, the case having the earliest docket number shall take precedence over the others.

    f.    Among civil cases, the case having the earliest docket number shall take precedence over the others.

Counsel are advised that, pursuant to said Rule, when there is a conflict between court appearances they have the obligation to notify each Judge involved, in writing, not later than three (3) business days after receipt of the notice giving rise to the conflict, indicating the names and docket numbers of each case and the date and time of the conflicting hearings.

    *2. Marking of exhibits*

At least ten (10) working days before the date scheduled for trial, the parties will meet to mark all evidence to be presented at trial and prepare an exhibit list. A sample of the exhibit list form is available and may be requested from the undersigned's Courtroom Deputy Clerk. The parties must deliver the exhibits and identifications, along with the typed list, to the Courtroom Deputy Clerk at least five (5) days before the date of the trial. Each party is to prepare its own separate list, and if there are any joint exhibits, a separate list for

CIVIL 12-1663CCC                                9

them shall also be prepared.  The exhibits for the plaintiff(s) are to be marked with <u>numbers</u>, those for the defendant(s) with **<u>letters</u>**, and the joint exhibits with **<u>Roman numerals</u>**.

In filling out the exhibit list forms, the boxes for the dates shall be left blank.  The Courtroom Deputy Clerk will fill them on the first day of trial.  In the "marked" box the parties shall indicate "E" for exhibit or "ID" for identification.  If and when the Court admits an identification, and it becomes an exhibit, the Courtroom Deputy Clerk will indicate in the "admitted" box the appropriate date.  The parties shall provide a short description of the exhibit, but do not have to identify the witness that will be used to present it.  Any questions on how to fill the forms may be addressed to the Courtroom Deputy Clerk who will be available to assist the parties.

Failure to comply with this procedure shall result in the imposition of sanctions, including the exclusion of the exhibit or identification at trial.

The parties are reminded that all exhibits must be officially translated into English before they are marked.  This includes any deposition transcripts or parts thereof that will be used at trial whether as evidence or for impeachment purposes.  The Court will strictly enforce this translation requirement and will not admit any exhibit which is not in English. <u>See</u> <u>U.S. v. Rivera-Rosario</u>, 300 F.3d 1 (1st Cir. 2002).

Additionally, the parties are advised that it is the policy of this Court that the party who presents Spanish-speaking witnesses must pay the interpreter.  This interpreter must be certified by the Administrative Office of the U.S. Courts.  The Court only provides interpreters for criminal proceedings.

*3.    Proposed Voir Dire and Jury Instructions*

The basic voir dire and jury instructions are, in general, prepared by the Court.  **The parties shall not submit instructions of the type that are ordinarily used in every case.**  They shall submit **<u>only</u>** special instructions or wording that they believe necessary for the specific facts of their case.  Instructions should be carefully reviewed prior to submission.

The Court is not interested in receiving a panoply of possible suggested instructions from which to choose, for each point. One for each specific point will suffice and differences in specific wording will be resolved at the charge conference.

In an effort to streamline and facilitate the compilation of the instructions, the attorneys shall follow the requested format. Submissions not complying with these requirements will not be considered.

a. Any preliminary jury instructions shall be packaged with the proposed voir dire.

b. Each instruction shall appear on a separate page, and be numbered and identified as to the party: e.g. Plaintiff's Proposed Instruction #1.

c. Each instruction shall have a caption identifying its contents, e.g. Interstate Commerce - Definition.

d. Each instruction shall be followed by a citation to a source, either an accepted pattern book or supporting case law. Instructions taken from pattern books must be from the current edition and be identified by the year as well as the title.

e. All instructions supported by case law, treatises, articles, and the like, shall include as an addendum photocopies of the complete cases or materials cited therein. Each photocopy shall be identified as to which instruction number(s) it supports, and the specific section supporting each instruction should be either highlighted or marked with brackets. **The copies of cases and materials should not be filed.**

Requested voir dire and instructions shall be filed no later than seven (7) working days before trial. **Two sets of working copies and one set of photocopies of supporting cases shall be delivered to chambers, in addition to the set filed.**

*Parties failing to timely file their instructions, or to fully comply with the requirements for courtesy copies and case photocopies will waive their right to propose instructions.*

## II. SANCTIONS FOR FAILURE TO COMPLY WITH THE CASE MANAGEMENT ORDER

The parties are advised that failure to comply with any part of this Order will result in the imposition of appropriate sanctions.

SO ORDERED.

At San Juan, Puerto Rico, on December 12, 2012.

S/CARMEN CONSUELO CEREZO
United States District Judge