# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: UBS FINANCIAL SERVICES, INC. OF PUERTO RICO SECURITIES LITIGATION | Civil Case No.: 12- 1663 CCC (consolidated with 12-1849 CCC) |

## DEFENDANT MIGUEL A. FERRER'S ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

Defendant Miguel A. Ferrer ("Ferrer"), by and through his undersigned attorneys, as and for his answer to Plaintiffs' Second Consolidated Amended Complaint (the "Complaint"), admits, denies and alleges as follows:[1]

### INTRODUCTION

1.      Ferrer denies the allegations in paragraph 1 of the Complaint.

2.      Ferrer denies the allegations in paragraph 2 of the Complaint to the extent that they are asserted against him, except admits that there are 23 separately organized closed-end funds ("CEFs"), nine of which were co-managed, that those CEFs held Puerto Rico municipal bonds during the relevant time period, and that those CEFs were marketed and sold, in part, to retail customers in Puerto Rico.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

3.      Ferrer denies the allegations in paragraph 3 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

---

[1]      Otherwise undefined capitalized terms are defined as set forth in the Complaint.  In addition, all headings and subheadings are repeated solely for the Court's convenience, and Ferrer denies all allegations in the headings, subheadings, and footnotes of the Complaint to the extent they are asserted against him.

4.      Ferrer denies the allegations in paragraph 4 of the Complaint.

5.      Ferrer denies the allegations in paragraph 5 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

6.      Ferrer denies the allegations in paragraph 6 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

7.      Ferrer denies the allegations in paragraph 7 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

8.      Ferrer denies the allegations in paragraph 8 of the Complaint.

9.      Ferrer denies the allegations in paragraph 9 of the Complaint to the extent that they are asserted against him, except admits that he was Chief Executive Officer and Chairman of UBS Financial Services Inc. of Puerto Rico ("UBS PR") from 2003 through October 2009 and was later its Vice Chairman.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

## JURISDICTION AND VENUE

10.      The allegations of paragraph 10 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 10 of the Complaint.

11.      The allegations of paragraph 11 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 11 of the Complaint.

-2-

12.     The allegations of paragraph 12 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 12 of the Complaint, except admits that UBS PR is headquartered in Puerto Rico and conducts business in Puerto Rico.

13.     Ferrer denies the allegations in paragraph 13 of the Complaint.

## PARTIES

14.     Ferrer denies the allegations in paragraph 14 of the Complaint to the extent that they are asserted against or related to him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations and respectfully refers the Court to the certifications of Ricardo Roman Rivera and Carmelo Roman for their complete and accurate contents.

15.     Ferrer denies the allegations in paragraph 15 of the Complaint to the extent that they are asserted against or related to him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations and respectfully refers the Court to the certification of SDM Holdings Inc. for its complete and accurate contents.

16.     Ferrer denies the allegations in paragraph 16 of the Complaint to the extent that they are asserted against or related to him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations and respectfully refers the Court to the certification of Onnasis Corporation for its complete and accurate contents.

17.     Ferrer denies the allegations in paragraph 17 of the Complaint to the extent that they are asserted against or related to him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations and respectfully refers the Court to the certification of Julio Tormes Rodriguez for its complete and accurate contents.

18.     No response is required to paragraph 18 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation, except admits that UBS PR is a Puerto Rico corporation with its principal place of business in Hato Rey, Puerto Rico.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

19.     No response is required to paragraph 19 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation, except admits that UBS Trust Company of Puerto Rico is an affiliate of UBS PR.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

20.     No response is required to paragraph 20 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation, except admits that UBS Financial Services, Inc. ("UBSFS") is the parent of UBS PR and that UBSFS is a Delaware corporation with its principal place of business in Weehawken, New Jersey.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

21.     Ferrer denies the allegations in paragraph 21 of the Complaint, except admits that Puerto Rico Investors Tax-Free Fund IV, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act and that

he was a member of Puerto Rico Investors Tax-Free Fund IV, Inc.'s Board of Directors during the relevant period.

22.     Ferrer denies the allegations in paragraph 22 of the Complaint, except admits that Puerto Rico Fixed Income Fund III, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico Fixed Income Fund III, Inc.'s Board of Directors during the relevant period.

23.     Ferrer denies the allegations in paragraph 23 of the Complaint, except admits that Puerto Rico Fixed Income Fund II, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act and that he was a member of Puerto Rico Fixed Income Fund II, Inc.'s Board of Directors during the relevant period.

24.     Ferrer denies the allegations in paragraph 24 of the Complaint, except admits that Puerto Rico Fixed Income Fund V, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico Fixed Income Fund V, Inc.'s Board of Directors during the relevant period.

25.     Ferrer denies the allegations in paragraph 25 of the Complaint.

26.     Ferrer denies the allegations in paragraph 26 of the Complaint, except admits that Puerto Rico AAA Portfolio Bond Fund, Inc. is a non-diversified, closed-end investment

company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico AAA Portfolio Bond Fund, Inc.'s Board of Directors during the relevant period.

27.     Ferrer denies the allegations in paragraph 27 of the Complaint, except admits that Puerto Rico AAA Portfolio Bond Fund II, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico AAA Portfolio Bond Fund II, Inc.'s Board of Directors during the relevant period.

28.     Ferrer denies the allegations in paragraph 28 of the Complaint, except admits that Puerto Rico Fixed Income Fund I, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico Fixed Income Fund I, Inc.'s Board of Directors during the relevant period.

29.     Ferrer denies the allegations in paragraph 29 of the Complaint, except admits that Puerto Rico Fixed Income Fund IV, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico Fixed Income Fund IV, Inc.'s Board of Directors during the relevant period.

30.    Ferrer denies the allegations in paragraph 30 of the Complaint, except admits that Puerto Rico Investors Tax-Free Fund, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico Investors Tax-Free Fund, Inc.'s Board of Directors during the relevant period.

31.    Ferrer denies the allegations in paragraph 31 of the Complaint, except admits that Puerto Rico Investors Tax-Free Fund III, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico Investors Tax-Free Fund III, Inc.'s Board of Directors during the relevant period.

32.    Ferrer denies the allegations in paragraph 32 of the Complaint, except admits that Puerto Rico AAA Portfolio Target Maturity Fund, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that he was a member of Puerto Rico AAA Portfolio Target Maturity Fund, Inc.'s Board of Directors during the relevant period.

33.    Ferrer denies the allegations in paragraph 33 of the Complaint, except admits that Tax Free Puerto Rico Target Maturity Fund, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that

he was a member of Tax Free Puerto Rico Target Maturity Fund Inc.'s Board of Directors during the relevant period.

34.      No response is required to paragraph 34 of the Complaint, which purports to define a term.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 34 of the Complaint.

35.      Ferrer denies the allegations in paragraph 35 of the Complaint, except admits that he is a citizen of Puerto Rico, that he was Chief Executive Officer and Chairman of UBS PR from 2003 through October 2009 and was later its Vice Chairman, and that he was a member of the Board of Directors for each of the CEFs during the relevant period.

36.      No response is required to paragraph 36 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

37.      No response is required to paragraph 37 of the Complaint, which purports to define a term.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 37 of the Complaint.

### DEFENDANTS' UNDISCLOSED SCHEME

38.      Ferrer denies the allegations in paragraph 38 of the Complaint to the extent that they are asserted against him, except admits that there are 23 separately organized CEFs, nine of which were co-managed, and that those CEFs held Puerto Rico municipal bonds during the relevant time period.

39.     Ferrer denies the allegations contained in paragraph 39 of the Complaint, except admits that UBS PR offered investors in the CEFs the option to reinvest dividends in shares of the CEFs and that CEF shares could be purchased through that program at net asset value.

40.     Ferrer denies the allegations in paragraph 40 of the Complaint.

41.     Ferrer denies the allegations in paragraph 41 of the Complaint.

42.     No response is required to paragraph 42 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 42 of the Complaint.

43.     Ferrer denies the allegations in paragraph 43 of the Complaint.

44.     Ferrer denies the allegations in paragraph 44 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

45.     Ferrer denies the allegations in paragraph 45 of the Complaint

46.     Ferrer denies the allegations in paragraph 46 of the Complaint.

47.     No response is required to paragraph 47 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation, except admits that, for some period of time, CEF pricing information appeared in the Puerto Rico daily newspaper *El Vocero* and respectfully refers the Court to the issues of *El Vocero* for their complete and accurate contents.

48.     Ferrer denies the allegations in paragraph 48 of the Complaint to the extent that they are asserted against him, except admits that UBS PR sent customers monthly and quarterly account statements.

49.     Ferrer denies the allegations in paragraph 49 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

50.     Ferrer denies the allegations in paragraph 50 of the Complaint.

51.     No response is required to paragraph 51 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

52.     No response is required to paragraph 52 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

53.     Ferrer denies the allegations in paragraph 53 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

54.     No response is required to paragraph 54 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

55.     No response is required to paragraph 55 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

56.     Ferrer denies the allegations in paragraph 56 of the Complaint.

57.     Ferrer denies the allegations in paragraph 57 of the Complaint, except admits that he delivered opening remarks at a UBS PR Investor Conference in June 2008.

58.     No response is required to paragraph 58 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

59.     Ferrer denies the allegations in paragraph 59 of the Complaint, except admits that he attended a UBS PR Group Management Board meeting on August 12, 2008, and respectfully refers the Court to the minutes from that meeting for their complete and accurate contents.

60.     Ferrer denies the allegations in paragraph 60 of the Complaint, except admits that he sent an email to Carlos Ubiñas, then President of UBS PR, and Eugenio Belaval, then President of UBS Trust Company of Puerto Rico, on August 29, 2008, and respectfully refers the Court to the email for its complete and accurate contents.

61.     Ferrer denies the allegations in paragraph 61 of the Complaint, except admits that he sent an email to Carlos Ubiñas and Eugenio Belaval on August 29, 2008, and respectfully refers the Court to the email for its complete and accurate contents.

62.     Ferrer denies the allegations in paragraph 62 of the Complaint.

63.     Ferrer denies the allegations in paragraph 63 of the Complaint, except admits that he sent emails to UBS PR financial advisors on September 18, 2008, September 30, 2008, and October 9, 2008, and respectfully refers the Court to those emails for their complete and accurate contents.

64.     Ferrer denies the allegations in paragraph 64 of the Complaint.

65.     Ferrer denies the allegations in paragraph 65 of the Complaint to the extent they are asserted against him, except admits that Puerto Rico Fixed Income Fund VI, Inc. and Puerto Rico AAA Portfolio Bond Fund II, Inc. were two CEF offerings for which UBS PR acted as underwriter.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

66.     Ferrer denies the allegations in paragraph 66 of the Complaint, except admits that he sent an email to UBS PR's financial advisors on September 10, 2008, and respectfully refers the Court to the email for its complete and accurate contents.

67.     Ferrer denies the allegations in paragraph 67 of the Complaint, except admits that he sent an email to certain UBS PR executives in September 2008, and respectfully refers the Court to the email for its complete and accurate contents.

68.     Ferrer denies the allegations in paragraph 68 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

69.     Ferrer denies the allegations in paragraph 69 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

70.     Ferrer denies the allegations in paragraph 70 of the Complaint, except admits that he sent emails to UBS PR's financial advisors in September 2008, and respectfully refers the Court to those emails for their complete and accurate contents.

71.     Ferrer denies the allegations in paragraph 71 of the Complaint.

72.     No response is required to paragraph 72 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

73.     Ferrer denies the allegations in paragraph 73 of the Complaint to the extent that they are asserted against him.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

74.     No response is required to paragraph 74 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

75.     Ferrer denies the allegations in paragraph 75 of the Complaint, except admits that he sent an email to Mr. Ortiz on January 15, 2009, and respectfully refers the Court to the referenced emails for their complete and accurate contents.

76.     No response is required to paragraph 76 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

77.     Ferrer denies the allegations in paragraph 77 of the Complaint to the extent that they are asserted against him, except admits that Ortiz wrote an email to a number of UBSFS executives, with a courtesy copy to Ferrer, and respectfully refers the Court to the email for its complete and accurate contents.

78.     No response is required to paragraph 78 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

79.     No response is required to paragraph 79 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

80.     No response is required to paragraph 80 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

81.     Ferrer denies the allegations in paragraph 81 of the Complaint to the extent that they are asserted against him, except admits that Mr. Ortiz forwarded an email to him on May 29, 2009 from UBSFS' Chief Risk Officer and respectfully refers the Court to the email for its complete and accurate contents.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

82.     Ferrer denies the allegations in paragraph 82 of the Complaint to the extent that they are asserted against him, except admits that Ortiz wrote an email on June 9, 2009, with a

courtesy copy to Ferrer, and respectfully refers the Court to the email for its complete and accurate contents.  In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

83.     Ferrer denies the allegations in paragraph 83 of the Complaint.

84.     Ferrer denies the allegations in paragraph 84 of the Complaint and respectfully refers the Court to his testimony for its complete and accurate contents.

85.     No response is required to paragraph 85 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

86.     No response is required to paragraph 86 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

87.     No response is required to paragraph 87 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

88.     Ferrer denies the allegations in paragraph 88 of the Complaint.

89.     Ferrer denies the allegations in paragraph 89 of the Complaint.

90.     No response is required to paragraph 90 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation, except admits that a UBS

PR investor conference was held on March 31, 2009.  In all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations,

91.     Ferrer denies the allegations in paragraph 91 of the Complaint to the extent that they are asserted against him, except admits that the March 2009 Investor Conference was advertised in *El Vocero* and that he wrote an email to the UBS PR financial advisors on March 26, 2009, and respectfully refers the Court to the email for its complete and accurate contents.

92.     Ferrer denies the allegations in paragraph 92 of the Complaint to the extent that they are asserted against him, except admits that he delivered opening remarks at a UBS PR Investor conference on March 31, 2009.

93.     Ferrer denies the allegations in paragraph 93 of the Complaint, except admits that he sent an email to the UBS PR financial advisors on April 1, 2009, and respectfully refers the Court to the email for its complete and accurate contents.

94.     Ferrer denies the allegations in paragraph 94 of the Complaint.

95.     No response is required to paragraph 95 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

96.     Ferrer denies the allegations in paragraph 96 of the Complaint, except admits that an article was published in *El Vocero* on April 24, 2009, and respectfully refers the Court to the article for its complete and accurate contents.

97.     Ferrer denies the allegations in paragraph 97 of the Complaint and respectfully refers the Court to the April 24, 2009 *El Vocero* article for its complete and accurate contents.

-16-

98.     No response is required to paragraph 98 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

99.     Ferrer denies the allegations in paragraph 99 of the Complaint, except admits that he sent emails to UBS FS executives in July 2009 and an email to the UBS PR financial advisors in August 2009, and respectfully refers the Court to those emails for their complete and accurate terms.

100.    No response is required to paragraph 100 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

101.    Ferrer denies the allegations in paragraph 101 of the Complaint

102.    Ferrer denies the allegations in paragraph 102 of the Complaint.

103.    Ferrer denies the allegations in paragraph 103 of the Complaint.

### THE TRUTH IS REVEALED

104.    Ferrer denies the allegations in paragraph 104 of the Complaint, except admits that, on May 1, 2012, the SEC issued an Order Instituting Administrative and Cease-and-Desist Proceeding (the "Order") against him and respectfully refers the Court to the Order for its complete and accurate contents.  Ferrer further admits that, on October 29, 2013, the Chief Administrative Law Judge for the SEC issued an Initial Decision (the "ALJ Decision") dismissing the administrative and cease-and-desist proceeding against Ferrer and respectfully refers the Court to the ALJ Decision for its complete and accurate contents.

105.     Ferrer denies the allegations in paragraph 105 of the Complaint to the extent that they are asserted against him, except admits that that, on May 1, 2012, the SEC issued the Order. Ferrer further admits that, on October 29, 2013, the Chief Administrative Law Judge for the SEC issued the ALJ Decision dismissing the administrative and cease-and-desist proceeding against Ferrer and respectfully refers the Court the Order, the ALJ Decision and to the Order Imposing Remedial Sanctions against UBS PR for their complete and accurate contents.

106.     Ferrer denies the allegations in paragraph 106 of the Complaint

## LOSS CAUSATION / ECONOMIC LOSS

107.     Ferrer denies the allegations in paragraph 107 of the Complaint.

## SCIENTER

108.     Ferrer denies the allegations in paragraph 108 of the Complaint.

109.     Ferrer denies the allegations in paragraph 109 of the Complaint.

## NO SAFE HARBOR

110.     The allegations of paragraph 110 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 110 of the Complaint.

## CLASS ACTION ALLEGATIONS

111.     The allegations of paragraph 111 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 111 of the Complaint.

112.     Ferrer denies the allegations in paragraph 112 of the Complaint.

113.     Ferrer denies knowledge or information sufficient to form a belief as to the allegations in paragraph 113 of the Complaint.

114.    The allegations of paragraph 114 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 114 of the Complaint.

115.    The allegations of paragraph 115 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 115 of the Complaint.

### EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS

116.    Ferrer denies the allegations in paragraph 116 of the Complaint.

117.    Ferrer denies the allegations in paragraph 117 of the Complaint.

118.    Ferrer denies the allegations in paragraph 118 of the Complaint.

119.    Ferrer denies the allegations in paragraph 119 of the Complaint.

### COUNT I
### For Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### (Against UBS PR, the Individual Defendants, and the Funds)

120.    With respect to paragraph 120 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 119 of the Complaint as if fully set forth herein.

121.    The allegations of paragraph 121 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 121 of the Complaint.

122.    Ferrer denies the allegations in paragraph 122 of the Complaint.

123.    Ferrer denies the allegations in paragraph 123 of the Complaint.

124.    Ferrer denies the allegations in paragraph 124 of the Complaint.

125.     Ferrer denies the allegations in paragraph 125 of the Complaint, except admits that he was Chief Executive Officer and Chairman of UBS PR from 2003 through October 2009 and was later its Vice Chairman.

126.     Ferrer denies the allegations in paragraph 126 of the Complaint.

127.     Ferrer denies the allegations in paragraph 127 of the Complaint.

128.     Ferrer denies the allegations in paragraph 128 of the Complaint.

129.     Ferrer denies the allegations in paragraph 129 of the Complaint to the extent that they are asserted against him, except admits that he was a member of the Board of Directors for each of the CEFs during the relevant period.

130.     Ferrer denies the allegations in paragraph 130 of the Complaint.

131.     Ferrer denies the allegations in paragraph 131 of the Complaint.

132.     Ferrer denies the allegations in paragraph 132 of the Complaint.

133.     Ferrer denies the allegations in paragraph 133 of the Complaint.

### COUNT II
### For Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

134.     With respect to paragraph 134 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 133 of the Complaint as if fully set forth herein.

135.     The allegations of paragraph 135 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 135 of the Complaint.

136.     Ferrer denies the allegations in paragraph 136 of the Complaint.

137.    The allegations of paragraph 137 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 137 of the Complaint.

138.    Ferrer denies the allegations in paragraph 138 of the Complaint.

139.    Ferrer denies the allegations in paragraph 139 of the Complaint.

140.    Ferrer denies the allegations in paragraph 140 of the Complaint.

141.    Ferrer denies the allegations in paragraph 141 of the Complaint.

**COUNT III**
**For Violations of Section 20(a) of the Exchange Act**
**(Against the Defendant UBSFS)**

142.    With respect to paragraph 142 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 141 of the Complaint as if fully set forth herein.

143.    No response is required to paragraph 143 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 143 of the Complaint.

144.    No response is required to paragraph 144 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 144 of the Complaint.

145.    No response is required to paragraph 145 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 145 of the Complaint.

146.    No response is required to paragraph 146 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 146 of the Complaint.

147.    No response is required to paragraph 147 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 147 of the Complaint.

148.    No response is required to paragraph 148 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 148 of the Complaint.

149.    No response is required to paragraph 149 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 149 of the Complaint.

**COUNT IV**
**Puerto Rico Securities Act – 10 L.P.R.A. §890**
**(Against All Defendants)**

150.    With respect to paragraph 150 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 149 of the Complaint as if fully set forth herein.

151.    The allegations of paragraph 151 of the Complaint purport to state a conclusion of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 151 of the Complaint.

152.    Ferrer denies the allegations in paragraph 152 of the Complaint.

153.    Ferrer denies the allegations in paragraph 153 of the Complaint.

154.    No response is required to paragraph 154 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 154 of the Complaint.

155.    No response is required to paragraph 155 of the Complaint because the allegations contained therein are not asserted against Ferrer.  However, to the extent any allegation contained therein is asserted against him, Ferrer denies the allegations in paragraph 155 of the Complaint.

156.    Ferrer denies the allegations in paragraph 156 of the Complaint.

157.    Ferrer denies the allegations in paragraph 157 of the Complaint.

**COUNT V**
**Fraudulent Inducement**
**(Against UBS PR, Individual Defendants, and the Funds)**

158.    With respect to paragraph 158 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 157 of the Complaint as if fully set forth herein.

159.    Ferrer denies the allegations in paragraph 159 of the Complaint.

160.    Ferrer denies the allegations in paragraph 160 of the Complaint.

161.    Ferrer denies the allegations in paragraph 161 of the Complaint to the extent that they are asserted against him, except admits that he was a member of the Board of Directors for each of the CEFs during parts of the relevant period.

162.    Ferrer denies the allegations in paragraph 162 of the Complaint.

## COUNT VI
### Negligent Misrepresentation
### (Against UBS PR, Individual Defendants, and the Funds)

163.    With respect to paragraph 163 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 162 of the Complaint as if fully set forth herein.

164.    Ferrer denies the allegations in paragraph 164 of the Complaint.

165.    Ferrer denies the allegations in paragraph 165 of the Complaint.

166.    Ferrer denies the allegations in paragraph 166 of the Complaint.

167.    Ferrer denies the allegations in paragraph 167 of the Complaint.

168.    Ferrer denies the allegations in paragraph 168 of the Complaint to the extent that they are asserted against him, except admits that he was a member of the Board of Directors for each of the CEFs during parts of the relevant period.

## COUNT VII
### Fraudulent Misrepresentation
### (Against UBS PR, Individual Defendants, and the Funds)

169.    With respect to paragraph 169 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 168 of the Complaint as if fully set forth herein.

170.    Ferrer denies the allegations in paragraph 170 of the Complaint.

171.    Ferrer denies the allegations in paragraph 171 of the Complaint.

172.    Ferrer denies the allegations in paragraph 172 of the Complaint.

173.    Ferrer denies the allegations in paragraph 173 of the Complaint.

174.    Ferrer denies the allegations in paragraph 174 of the Complaint.

175.    Ferrer denies the allegations in paragraph 175 of the Complaint to the extent that they are asserted against him, except admits that he was a member of the Board of Directors for each of the CEFs during parts of the relevant period.

176.    Ferrer denies the allegations in paragraph 176 of the Complaint.

**COUNT VIII**
**Rescission**
**(Against All Defendants)**

177.    With respect to paragraph 177 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 176 of the Complaint as if fully set forth herein.

178.    Ferrer denies the allegations in paragraph 178 of the Complaint.

179.    Ferrer denies the allegations in paragraph 179 of the Complaint.

180.    Ferrer denies the allegations in paragraph 180 of the Complaint.

181.    Ferrer denies the allegations in paragraph 181 of the Complaint.

182.    No response is required to paragraph 182 of the Complaint, which purports to describe the relief Plaintiffs are seeking.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 182 of the Complaint.

**COUNT IX**
**Breach of Implied Duty of Good Faith**
**(Against UBS PR, Individual Defendants, and the Funds)**

183.    With respect to paragraph 183 of the Complaint, Ferrer repeats and realleges each of his responses to paragraphs 1 through 182 of the Complaint as if fully set forth herein

184.    The allegations of paragraph 184 of the Complaint purport to state conclusions of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 184 of the Complaint.

185.    Ferrer denies the allegations in paragraph 185 of the Complaint.

186.    Ferrer denies the allegations in paragraph 186 of the Complaint.

187.     Ferrer denies the allegations in paragraph 187 of the Complaint to the extent that they are asserted against him, except admits that he was a member of the Board of Directors for each of the CEFs during parts of the relevant period.

188.     Ferrer denies the allegations in paragraph 188 of the Complaint.

189.     The allegations of paragraph 189 of the Complaint purport to state conclusions of law to which no response is required.  However, to the extent a response is required, Ferrer denies the allegations in paragraph 189 of the Complaint.

190.     Ferrer denies the allegations in paragraph 190 of the Complaint.

## AFFIRMATIVE DEFENSES

Ferrer asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of discovery or preparation for trial, it becomes appropriate.  Ferrer further incorporates by reference any affirmative defense that any other defendant pleads in this action to the extent the affirmative defense applies to any claim against Ferrer in whole or in part.

## FIRST DEFENSE

The Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

The claims asserted against Ferrer in the Complaint are barred, in whole or in part, by the applicable statute of limitations or repose or are otherwise time-barred.

## THIRD DEFENSE

The claims asserted against Ferrer in the Complaint are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or estoppel.

## FOURTH DEFENSE

Plaintiffs lack standing to assert the claims against Ferrer set forth in the Complaint.

## FIFTH DEFENSE

This action is not maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

The state law claims asserted against Ferrer in the Complaint are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

## SEVENTH DEFENSE

With respect to any act or omission for which Ferrer may be allegedly liable as a controlling person under Section 20 of the Securities Exchange Act of 1934, Ferrer acted in good faith and did not directly or indirectly participate in, induce, or condone the acts or omissions alleged in the Complaint.

## EIGHTH DEFENSE

The claims asserted against Ferrer in the Complaint are barred, in whole or in part, because Plaintiffs' claims for relief are moot.

**WHEREFORE**, Ferrer respectfully requests:

1.  That judgment be entered in his favor and against Plaintiffs;

2.  That all of Plaintiffs' claims and the Complaint against Ferrer be dismissed with prejudice;

3.  Awarding Ferrer all of his costs, disbursements and reasonable attorneys' fees incurred in connection with this action; and

4.      Granting such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, on September 29, 2014.

IT IS HEREBY CERTIFIED that the foregoing was filed electronically with the Clerk of the Court using CM/ECF on this same date and that, as such, the foregoing was served electronically upon all counsel of record.

> **BOBONIS, BOBONIS & RODRIGUEZ POVENTUD**
> 129 De Diego Ave.
> San Juan, P.R. 00911-1927
> Telephone: (787) 725-7941
> Facsimile: (787) 723-7735
>
> S/ **GUILLERMO J. BOBONIS**
> USDC-PR No. 126214
> gjb@bobonislaw.com
>
> S/ **ENRIQUE G. FIGUEROA LLINÁS**
> USDC-PR No. 201709
> efl@bobonislaw.com
>
> *Attorneys for Defendant Miguel A. Ferrer*