# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: UBS FINANCIAL SERVICES, INC. OF PUERTO RICO SECURITIES LITIGATION | Civil Case No. 3:12-cv-01663-CCC |

## THE FUND DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND CONSOLIDATED AMENDED COMPLAINT

Defendants Puerto Rico Fixed Income Fund III, Inc. and Puerto Rico Fixed Income Fund V, Inc. (the "Fund Defendants") respond to Plaintiffs' Second Consolidated Amended Complaint (the "Complaint") as follows[1]:

### INTRODUCTION

1.      Denied.

2.      Denied, except admitted that UBS PR served as an underwriter for twenty-three closed-end funds, nine of which were co-managed, and marketed and sold shares of those funds to Puerto Rico residents, and that the CEFs were marketed to customers in Puerto Rico.

3.      The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

4.      Denied.

---

[1]     Undefined capitalized terms are defined in Plaintiffs' Second Consolidated Amended Complaint.  In addition, all headings and subheadings are repeated solely for the Court's convenience, and the Fund Defendants deny all allegations in the headings, subheadings, and footnotes of the Second Consolidated Amended Complaint.

5.      The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

6.      The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

7.      The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

8.      The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

9.      Denied, except admitted that Ferrer served as UBS PR's CEO from 2003 through October 2009 and later as its Vice Chairman, and that Ortiz served as UBS PR's Managing Director in charge of Capital Markets.

## JURISDICTION AND VENUE

10.     The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11.     The allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

12.     The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied, except admitted that UBS PR is headquartered in Puerto Rico, and that it conducts business in Puerto Rico.

13.     The allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## <u>PARTIES</u>

<u>Plaintiffs</u>

14.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer to the certifications of Ricardo Roman Rivera and Carmelo Roman for complete and accurate descriptions of their contents.

15.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer to the certifications of Ricardo Roman Rivera and Carmelo Roman for a complete and accurate description of the contents thereof.

16.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer to the certifications of Ricardo Roman Rivera and Carmelo Roman for a complete and accurate description of the contents thereof.

17.     The Fund Defendants lack knowledge or information sufficient or information to form a belief as to the truth of the allegations and respectfully refer to the certifications of Ricardo Roman Rivera and Carmelo Roman for a complete and accurate description of the contents thereof.

18.    The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except admitted that UBS PR is a Puerto Rico corporation with its principal place of business in Puerto Rico and that UBS PR is a subsidiary of UBSFS.

19.    The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except admitted that UBS Trust Company of Puerto Rico is an affiliate of UBS Financial Services of Puerto Rico, and that UBS Asset Managers of Puerto Rico is a division of UBS Trust Company of Puerto Rico and provides advisory services to the CEFs, and the Fund Defendants respectfully refer to the referenced sales documents for complete and accurate descriptions of their contents.

20.    The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except admitted that UBSFS is a Delaware corporation, that UBSFS is a wholly-owned subsidiary of UBS AG, which is based in Switzerland, and that UBSFS is the parent company of UBS PR.

21.    Denied, except admitted that Puerto Rico Investors Tax-Free Fund IV, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico Investors Tax-Free Fund IV, Inc.

22.    Denied, except admitted that Puerto Rico Fixed Income Fund III, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto

Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico Fixed Income Fund III, Inc.

23.     Denied, except admitted that Puerto Rico Fixed Income Fund II, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico Fixed Income Fund II, Inc.

24.     Denied, except admitted that Puerto Rico Fixed Income Fund V, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico Fixed Income Fund V, Inc.

25.     Denied.

26.     Denied, except admitted that Puerto Rico AAA Portfolio Bond Fund, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico AAA Portfolio Bond Fund, Inc.

27.     Denied, except admitted that Puerto Rico AAA Portfolio Bond Fund II, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the

Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico AAA Portfolio Bond Fund II, Inc.

28.     Denied, except admitted that Puerto Rico Fixed Income Fund I, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico Fixed Income Fund I, Inc.

29.     Denied, except admitted that Puerto Rico Fixed Income Fund IV, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico Fixed Income Fund IV, Inc.

30.     Denied, except admitted that Puerto Rico Investors Tax-Free Fund, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico Investors Tax-Free Fund, Inc.

31.     Denied, except admitted that Puerto Rico Investors Tax-Free Fund III, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico Investors Tax-Free Fund III, Inc.

32.     Denied, except admitted that Puerto Rico AAA Portfolio Target Maturity Fund, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Puerto Rico AAA Portfolio Target Maturity Fund, Inc.

33.     Denied, except admitted that Tax Free Puerto Rico Target Maturity Fund, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act, and that Ferrer is a former member of the Board of Directors of Tax Free Puerto Rico Target Maturity Fund, Inc.

34.     The allegations do not require a response. To the extent a response is required, the allegations are denied.

35.     Denied, except admitted that Defendant Ferrer is a citizen of Puerto Rico, that he served as UBS PR's Chairman and Chief Executive Officer from 2003 through October 2009, and that he later served as UBS PR's Vice Chairman.

36.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

37.     The allegations do not require a response. To the extent a response is required, the allegations are denied.

**DEFENDANTS' UNDISCLOSED SCHEME**

38.     Denied, except admitted that UBS PR served as an underwriter for twenty-three closed-end funds, nine of which were co-managed, and that UBS PR maintained a secondary market for the CEFs.

39.     Denied, except admitted that UBS PR offered investors in the CEFs the option to reinvest dividends in shares of the CEFs.

40.     Denied, and the Fund Defendants lack knowledge or information sufficient to form a belief as to the referenced characteristics of investors in the CEFs or their motivations for investing in the CEFs.

41.     Denied.

42.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

43.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

**A.   Defendants Omitted Material Information Regarding the Pricing of CEFs.**

44.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

45.     Denied, and the Fund Defendants lack knowledge or information sufficient to form a belief as to whether UBS PR had written or formal pricing procedures or guidelines for the CEFs.

8

46.     Denied.

47.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and refer to the issues of *El Vocero* for complete and accurate descriptions of their contents.

48.     Denied, except admitted that UBS PR sent its customers monthly and quarterly account statements.

**B.      Defendants Omitted Material Information Regarding the Liquidity, Stability, and Returns of CEFs**

49.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

50.     Denied.

51.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer to the referenced email for a complete and accurate description of the contents thereof.

52.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

53.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

54.     Denied, and the Fund Defendants lack knowledge or information sufficient to form a belief as to the level of UBS PR's inventory in CEF shares.

55. Denied, and the Fund Defendants lack knowledge or information sufficient to form a belief as to the level of UBS PR's inventory in CEF shares.

56. Denied.

57. Denied, except admitted that UBS PR held an investor conference in June 2008.

58. The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

59. Denied, except admitted that UBS PR's management met on August 12, 2008.

60. Denied.

61. Denied.

62. Denied.

63. Denied, and the Fund Defendants respectfully refer to the referenced emails for complete and accurate descriptions of their contents.

64. Denied.

65. The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except admitted that UBS PR underwrote Puerto Rico Fixed Income Fund VI, Inc. and Puerto Rico AAA Portfolio Bond Fund II, Inc., and that UBS PR received a commission for the new offerings.

66.     Denied, and the Fund Defendants respectfully refer to the referenced email for a complete and accurate description of the contents thereof.

67.     Denied, and the Fund Defendants respectfully refer to the referenced email for a complete and accurate description of the contents thereof.

68.     Denied, and the Fund Defendants respectfully refer to the referenced presentation for a complete and accurate description of the contents thereof.

69.     Denied, and the Fund Defendants respectfully refer to the referenced prospectuses for the Puerto Rico Fixed Income Fund VI, Inc. and Puerto Rico AAA Portfolio Bond Fund II, Inc. for complete and accurate descriptions of their contents.

70.     Denied, except admitted that the primary offerings for the Puerto Rico Fixed Income Fund VI, Inc. and Puerto Rico AAA Portfolio Bond Fund II, Inc. began on September 30, 2008, and the Fund Defendants respectfully refer to the referenced emails for complete and accurate descriptions of their contents.

71.     Denied.

72.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer to the referenced inventory sheets for complete and accurate descriptions of their contents.

73.     Denied, except admitted that UBS PR purchased shares of CEFs into its inventory in 2008 and 2009.

74.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

75.     Denied, and the Fund Defendants respectfully refer to the referenced emails for complete and accurate descriptions of their contents.

C.     **Defendants Undertake a "SOFT LANDING" Plan to Unload UBS PR's CEF Holdings**

76.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

77.     Denied, and the Fund Defendants respectfully refer to the referenced emails for complete and accurate descriptions of their contents.

78.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

79.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

80.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

81.     Denied, and the Fund Defendants refer to the referenced email for a complete and accurate description of the contents thereof.

82.     Denied, the Fund Defendants lack knowledge or information sufficient to form a belief as to whether Ortiz made a presentation to UBSFS' Executive Committee in June

2009, and they respectfully refer to the referenced email for a complete and accurate description of the contents thereof.

83.     Denied.

84.     Denied, and the Fund Defendants refer to the referenced testimony for a complete and accurate description of the contents thereof.

85.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refer to the referenced testimony for a complete and accurate description of the contents thereof.

86.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

87.     Denied, and the Fund Defendants respectfully refer to the referenced GTC order book for a complete and accurate description of the contents thereof.

88.     Denied.

89.     Denied.

90.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except admitted that UBS PR held an investor conference on March 31, 2009.

91.     Denied, except admitted that the March 31, 2009 investor conference was advertised in *El Vocero*, and the Fund Defendants respectfully refer to the referenced email for a complete and accurate description of the contents thereof.

92.     Denied, except admitted that Ortiz and Ferrer spoke at the March 31, 2009 investor conference, and the Fund Defendants respectfully refer to the presentation for a complete and accurate description of the contents thereof.

93.     Denied, and the Fund Defendants respectfully refer to the referenced email for a complete and accurate description of the contents thereof.

94.     Denied.

95.     Denied.

96.     Denied, except admitted that *El Vocero* published an article on April 24, 2009, and the Fund Defendants respectfully refer to the article in *El Vocero* for a complete and accurate description of its contents.

97.     Denied, and the Fund Defendants respectfully refer to the April 24, 2009 article in *El Vocero* for a complete and accurate description of its contents.

98.     The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

99.     Denied, and the Fund Defendants respectfully refer to the referenced emails for complete and accurate descriptions of their contents.

100.    The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

101.    Denied, and the Fund Defendants lack knowledge or information sufficient to form a belief as to how much of its inventory UBS PR sold.

102.    Denied.

103.    Denied.

## THE TRUTH IS REVEALED

104.    Denied, except admitted that the SEC announced an Order Instituting Administrative and Cease-and-Desist proceedings against UBS PR on May 1, 2012, and the Fund Defendants respectfully refer to that document for a complete and accurate description of its contents.

105.    Denied, except admitted that the SEC brought proceedings against Ferrer and Ortiz, and the Fund Defendants respectfully refer to the May 1, 2012 Order Instituting Administrative and Cease-and-Desist Proceedings for a complete and accurate description of its contents.

106.    Denied.

## LOSS CAUSATION / ECONOMIC LOSS

107.    Denied.

## SCIENTER

108.    Denied.

109.    Denied.

## NO SAFE HARBOR

110.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## CLASS ACTION ALLEGATIONS

111.    Denied, except admitted that Plaintiffs purport to bring this Action as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons who purchased or acquired the Funds from UBS PR during the period from January 1, 2008 to May 1, 2012.

112.    Denied.

113.    The Fund Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

114.    The allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

115.    The allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

# COUNT I

## For Violations of Section 10(b) of the Exchange Act and Rule 10b-5
## (Against UBS PR, the Individual Defendants, and the Funds)

120.     The Fund Defendants repeat and reassert their responses to paragraphs 1 through 119.

121.     The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied, except admitted that the Individual Defendants were executives at UBS PR.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.


## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

134.     The Fund Defendants repeat and reassert their responses to paragraphs 1 through 133.

135.     No response is required as the allegations are not directed at the Fund Defendants.  To the extent a response is required, the allegations are denied.

136.     No response is required as the allegations are not directed at the Fund Defendants.  To the extent a response is required, the allegations are denied.

137.     No response is required as the allegations are not directed at the Fund Defendants.  To the extent a response is required, the allegations are denied.

138.     No response is required as the allegations are not directed at the Fund Defendants.  To the extent a response is required, the allegations are denied.

139.     No response is required as the allegations are not directed at the Fund Defendants.  To the extent a response is required, the allegations are denied.

140.     No response is required as the allegations are not directed at the Fund Defendants.  To the extent a response is required, the allegations are denied.

141.     No response is required as the allegations are not directed at the Fund Defendants.  To the extent a response is required, the allegations are denied.

## COUNT III

## For Violations of Section 20(a) of the Exchange Act
## (Against Defendant UBSFS)

142.   The Fund Defendants repeat and reassert their responses to paragraphs 1 through 141.

143.   No response is required as the allegations are not directed at the Fund Defendants. To the extent a response is required, the allegations are denied.

144.   No response is required as the allegations are not directed at the Fund Defendants. To the extent a response is required, the allegations are denied.

145.   No response is required as the allegations are not directed at the Fund Defendants. To the extent a response is required, the allegations are denied.

146.   No response is required as the allegations are not directed at the Fund Defendants. To the extent a response is required, the allegations are denied.

147.   No response is required as the allegations are not directed at the Fund Defendants. To the extent a response is required, the allegations are denied.

148.   No response is required as the allegations are not directed at the Fund Defendants. To the extent a response is required, the allegations are denied.

149.   No response is required as the allegations are not directed at the Fund Defendants. To the extent a response is required, the allegations are denied.

## COUNT IV

### Puerto Rico Securities Act – 10 L.P.R.A. §890
### (Against All Defendants)

150.    The Fund Defendants repeat and reassert their responses to paragraphs 1 through 149.

151.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

152.    Denied.

153.    Denied.

154.    Denied, except admitted that UBSFS is the parent company of UBS PR.

155.    Denied.

156.    Denied, and the Fund Defendants respectfully refer to 10 L.P.R.A. § 890(a)(2) for a complete and accurate description of its contents.

157.    Denied.

## COUNT V

### Fraudulent Inducement
### (Against UBS PR, Individual Defendants, and the Funds)

158.    The Fund Defendants repeat and reassert their responses to paragraphs 1 through 157.

159.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

160.     The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

161.     The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

162.     Denied.

## COUNT VI

**Negligent Misrepresentation**
**(Against UBS PR, Individual Defendants, and the Funds)**

163.     The Fund Defendants repeat and reassert their responses to paragraphs 1 through 162.

164.     Denied.

165.     Denied.

166.     Denied.

167.     Denied.

168.     The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied, except admitted that Ferrer was a director of the Funds during the putative Class Period.

## COUNT VII

### Fraudulent Misrepresentation
### (Against UBS PR, Individual Defendants, and Funds)

169.    The Fund Defendants repeat and reassert their responses to paragraphs 1 through 168.

170.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

171.    Denied.

172.    Denied.

173.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

174.    Denied.

175.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied, except admitted that Ferrer was a director of the Funds during the putative Class Period.

176.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT VIII

### Rescission
### (Against All Defendants)

177.    The Fund Defendants repeat and reassert their responses to paragraphs 1 through 176.

178.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

179.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

180.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

181.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

182.    Denied, except admitted that Plaintiffs purport to be seeking rescission from Defendants.

## COUNT IX

### Breach of Implied Duty of Good Faith
### (Against UBS PR, Individual Defendants and Funds)

183.    The Fund Defendants repeat and reassert their responses to paragraphs 1 through 182.

184.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied, and the Fund Defendants

respectfully refer to Article 1258 of the Civil Code for a complete and accurate description of its contents.

185.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

186.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

187.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied, except admitted that Ferrer was a director of the Funds during the purported Class Period.

188.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

189.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

190.    The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, by the statutes of limitations or repose or are otherwise time-barred.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants disclosed all material information consistent with their duties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants did not make any false or misleading statements or omissions of material fact and are not responsible in law or in fact for any alleged false or misleading statements or omissions of material fact by others.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants acted in good faith and with justification at all relevant times.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements and omissions, including non-actionable expressions of opinion and puffery, were not material to

the investment decisions of a reasonable investor in view of, inter alia, the total mix of available information.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because certain alleged misstatements are forward-looking statements accompanied by meaningful cautionary language and/or were made without actual knowledge that such statements were false or misleading and are not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1) and (2), or are not actionable under the bespeaks caution doctrine.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because no alleged misstatement or omission caused, in whole or in part, any diminution in the price or value of the Funds' securities, and/or because an insufficient number of traders in the Funds' securities relied on the alleged false and misleading statements, acts or omissions to affect the market price of those securities.

NINTH AFFIRMATIVE DEFENSE

Neither Plaintiffs nor any members of the putative class can establish that their alleged losses were caused by any alleged misrepresentation or omission.  Nor have they suffered any cognizable damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have also failed to comply with their duty to take reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the Second Consolidated Amended Complaint and are therefore barred from recovering any damages which might reasonably have been avoided.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent Plaintiffs or any persons on whose behalf they purport to act did not purchase or sell securities in any of the Funds during the purported Class Period, and/or because Plaintiffs otherwise lacks standing.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because they assumed the risks disclosed in the public filings or statements, and any losses they experienced were caused because those risks came to fruition.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing securities of the Funds.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because their claim for relief is moot.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs are not adequate representatives of the putative class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Deference must be given to the findings and conclusions in the decision dated October 29, 2013 in *In the Matter of Miguel A. Ferrer and Carlos J. Ortíz*, SEC Administrative Proceeding, File No. 3-14862.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Fund Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent and hereby reserve all rights to amend this Answer and to assert all such defenses.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendants demand judgment dismissing the Second

Consolidated Amended Complaint, awarding attorneys' fees and costs and other, further and

different relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 29th day of September, 2014.

IT IS HEREBY CERTIFIED that the foregoing was filed electronically with the Clerk of

the Court using CM/ECF on this same date and that, as such, the foregoing was served

electronically upon all counsel of record.

> Roberto C. Quiñones-Rivera
> MCCONNELL VALDÉS LLC
> 270 Muñoz Rivera Ave.
> Hato Rey, Puerto Rico  00918
> Tel.:  (787) 759-9292
> Fax:  (787) 759-9225
>
> By:   /s/ Roberto C. Quiñones-Rivera
>          Roberto C. Quiñones-Rivera
>          USDC-PR No. 211512
>
> *Attorney for Defendants Puerto Rico Fixed*
> *Income Fund III, Inc. and Puerto Rico Fixed*
> *Income Fund V, Inc.*