## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

In re: UBS FINANCIAL SERVICES, INC. OF
PUERTO RICO SECURITIES LITIGATION

Civil Case No.:  3:12-cv-01663-CCC

## REPORT OF RULE 26(F) CONFERENCE

**TO THE HONORABLE COURT:**

**COME NOW** the parties in this action who, through their respective undersigned counsel, respectfully pray and state that, pursuant to Federal Rule of Civil Procedure 26(f), a telephonic meeting was held on October 15, 2014, which resulted in limited agreement among the undersigned parties to this litigation (the "Litigation") to certain discovery-related matters and a good faith impasse as to other discovery matters.  The parties set forth below those deadlines as to which they reached agreement and their respective positions as to the matters that are at an impasse.

## I.      DEFENDANTS' ANSWERS TO THE COMPLAINT

1.      **Answers:**  Pursuant to the Court's Order dated September 16, 2014, Defendants filed answers to the Second Consolidated Amended Complaint on September 29, 2014.

## II.     PRE-DISCOVERY DISCLOSURES

2.      **Initial Disclosures:**  The parties shall exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure by November 24, 2014.

III.     **DISCOVERY PLAN**

**3.     Discovery:**  Discovery in this action shall be conducted by the parties in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Puerto Rico (the "Local Rules").

**4.     Document Requests:**  The parties shall serve initial document requests no later than November 3, 2014.

**5.     Submission of Pre-trial Disputes to Magistrate Judge:**  The parties shall request that the Court designate a Magistrate Judge to whom the parties shall submit all disputes regarding discovery and scheduling in the above-captioned matter, other than the scheduling of a trial date.

**6.     Production of Documents by Parties:**

<u>Plaintiffs' Position:</u>

Production of documents responsive to requests for production of documents identifying the specific subjects on which discovery is needed shall begin promptly after responses and/or objections are served and shall continue on a rolling basis.  Plaintiffs' production of documents shall be completed on or before January 21, 2015.  Defendants' production of documents shall be completed on or before March 20, 2015.  The pending motion for consolidation and related relief filed in this action and in the related action, *Fernandez v. UBS AG et al.,* Case No. 3:14-cv-01441-CCC (D.P.R.) should not affect Defendants' obligation to promptly begin producing documents in this case.  This is especially true in light of this Court's "Case Management Order" stating that "***discovery shall continue even if there is a dispositive motion pending.***"  (available at http://www.prd.uscourts.gov/sites/default/files/documents/88/case_management_order_propos ed_revision%20_5_3_05.pdf)  Indeed, it is Defendants who have steadfastly refused to engage in

discovery in the *Fernandez* case or to allow counsel from *Fernandez* to participate in the 26(f) process here, thus themselves creating any perceived "delay" or "duplication" of efforts.

Discovery shall encompass simultaneously documents, information, and testimony related to class and merits discovery.  Plaintiffs oppose any effort to bifurcate discovery into "class" and "merits" stages.  Numerous courts have rejected attempts to bifurcate discovery between merits and class certification in the same manner now proposed by Defendants.  *See generally Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298 (S.D.N.Y. 2012) (rejecting defendants' effort to "bifurcate[e] discovery prior to certification"); *Hines v. Overstock, Com, Inc.*, 09-CV-991 (SJ), 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) (rejecting defendant's request to bifurcate discovery because defendant failed to sustain "good cause" burden; noting that bifurcation in class action would result in duplication of efforts and needless line-drawing disputes); *Brenner v. Kohl's Corporation,* No. 1:13-cv-10935-RGS (D. Mass. July 9, 2013) (Docket Entry No. 21) (stating "[t]here will be NO bifurcation of Discovery" in a class action).

Finally, given the length of time this action has been outstanding as well as the numerous and widely-reported governmental and regulatory investigations into Defendants' alleged misconduct, Defendants have undoubtedly already collected and even produced a substantial amount of merits-related documents that can and should be immediately produced to Plaintiffs.  Thus, there is no valid reason to delay merits-related discovery in this case.

<u>Defendants' Position:</u>

Plaintiffs' production of documents shall be substantially completed on or before January 21, 2015.  Defendants' production of documents shall be substantially completed on or before May 13, 2015.  Given the significant amount of documents to be produced by the Defendants in this case, the likelihood of multilingual documents, the intervening holidays and the need to

coordinate the document production with the UBS Defendants' defense of possibly overlapping arbitrations, Defendants submit that their date of May 13, 2015 for the completion of Defendants' document production is much more realistic than Plaintiffs' proposed date.

Defendants further submit that Plaintiffs' proposed date is inconsistent with their currently-pending motion to consolidate their action with the purported class action captioned *Fernandez v. UBS AG et al.*, Case No. 3:14-cv-01441-CCC (D.P.R.) (the "Consolidation Motion") (Dkt. #98) and moots their arguments in support of that motion.  Consolidation with *Fernandez* would add seven new plaintiffs, three multinational corporate defendants, six unrelated causes of action, and two years onto the putative class period.  If the cases were consolidated, Defendants would need significant additional time to complete document discovery. Therefore, Defendants will immediately commence their document discovery efforts for this action only at this time.

The parties will provide documents on a rolling basis, with an emphasis on producing documents relating to class certification at the start of the discovery period.  By focusing their discovery efforts on class certification efforts at the start of discovery, the parties will allow the class certification motion to be addressed promptly.  In light of the anticipated motion for class certification, the parties will work with each other in good faith to prioritize production of documents and witnesses for deposition that are germane to the question of class certification. Class certification related discovery shall be completed by March 20, 2015.

The parties agree to work together to resolve any issues that arise relating to the preservation and production of electronically-stored information ("ESI"), including the sources to be searched for ESI, search terms and the format of ESI production.  The parties will further work together to resolve any issues relating to any putatively confidential discovery material and

the possible need for a stipulation and proposed order regarding confidentiality, with documents to be produced on an "attorneys eyes only" basis until any such confidentiality agreement and proposed order, to the extent necessary, can be finalized.  Each party shall bear its own costs of searching for, reviewing, and producing documents, including ESI.

Plaintiffs misstate Defendants' position with respect to discovery in this Action. Defendants have not asked for bifurcation of class certification and merits-based discovery.  On the contrary, Defendants have committed to producing all documents, but, as expressed above, Defendants expect that document production in this matter will be difficult and take several months to complete.  Defendants submit that Plaintiffs are inappropriately delaying class certification by pushing it to the end of the discovery period, contrary to well-settled law and the Federal Rules which require Plaintiffs to bring their class certification motion promptly after the class action begins.  *See*, *e.g.*, *Kerkhof v. MCI WorldCom, Inc.*, 282 F.3d 44, 54-55 (1st Cir. 2002) ("Fed. R. Civ. P 23(c)(1) directs district courts to decide on certification promptly after a class action begins, and envisions any alterations being made before the decision on the merits.") (internal quotation omitted).[1]

Further, Plaintiffs mistakenly assert that there is an operative "Case Management Order" governing discovery in this case. That is incorrect. To the contrary, a new Case Management

---

[1] See also *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012) ("Rule 23(c) of the Federal Rules of Civil Procedure provides that the district court must address class certification 'early' in the litigation and generally before addressing a motion directed at the merits."); *In re Zurn Pex Plumbing Products Liability Litig.*, 644 F.3d 604, 611 (8th Cir. 2011) ("Rule 23(c)(1)(A) provides that a district court should address class certification at an 'early practicable time after a person sues or is sued as a class representative.'"); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1389 (11th Cir. 1998) ("Although appeals from denials of class certification can take years, the certification decision itself should come early in the litigation. Rule 23 counsels early determination of motions for class certification.").

Order will be the result of this Honorable Court's consideration of this "Report of Rule 26(F) Conference".

      **7.**      **Privilege Logs:**

In the event a party asserts a claim of privilege or work product protection in response to a discovery request and withholds information pursuant to that claim, the party will furnish redaction and/or privilege logs, as appropriate, within 14 days of the completion of the parties' respective document production.

      **8.**      **Depositions of Fact Witnesses:**

Plaintiffs' Position:

Depositions of fact witnesses may commence immediately and shall be completed on or before May 1, 2015, provided Defendants' document production is completed by March 20, 2015.  Depositions shall include those that are "class" and "merits" related in light of the fact that, as discussed above, it is inappropriate and inefficient to bifurcate discovery in the manner proposed by Defendants.

The presumptive limitation on the number of depositions under the Federal Rules of Civil Procedure shall not apply to the Litigation, and each side (i.e., Plaintiffs and Defendants) need not seek leave of Court to take up to twenty-five (25) depositions.  To the extent necessary, the parties shall meet and confer in an effort to agree to reasonable limitations on the number of fact depositions.

Defendants' Position:

Depositions related to the question of class certification shall be completed on or before March 20, 2015.

Defendants do not believe it is appropriate at this time to set a schedule for merits-related depositions given the pending Consolidation Motion and the risk of witnesses being deposed twice, especially in light of the significant amount of time the parties will need to complete document productions and class certification related discovery.  Instead of setting a date for completion of fact depositions at this time, the parties shall meet and confer regarding a schedule for merits-related depositions after Defendants complete their document production.  Assuming the cases are not consolidated, Defendants submit that the parties should be limited to twenty deposition days per side in this Action.

**9.     Interrogatories:**

Plaintiffs' Position:

The parties agree that Plaintiffs collectively may serve a total of 25 interrogatories, including all subparts, on Defendants, collectively, and that Defendants collectively may serve a total of 25 interrogatories, including all subparts, on Plaintiffs, collectively.  Interrogatories and requests for admissions must be served at least 30 days prior to the deadline for the completion of fact discovery.

Defendants' Position:

Defendants submit that the parties' use of interrogatories should be governed by the Federal Rules of Civil Procedure and the Local Rules.

**10.     Deadline for the Completion of Fact Discovery:**

Plaintiffs' Position:

Provided Defendants' document production is completed by March 20, 2015, all fact discovery shall be completed by June 26, 2015.  As discussed above, the current state of the law

and the merits issues that must now be shown at the class certification stage have resulted in Courts being increasingly unwilling to bifurcate discovery.

Defendants' Position:

For the reasons explained above, Defendants do not believe it is appropriate to set a fact discovery deadline action.  The parties will meet and confer regarding a schedule for completing merits-related fact discovery after completion of document discovery.

**11.    Expert Reports and Discovery:**

Plaintiffs' Position:

- Provided Defendants' document production is completed by March 20, 2015, Plaintiffs will identify any experts and serve those expert reports on or before July 31, 2015.

- Provided Defendants' document production is completed by March 20, 2015, Defendants will identify any experts and serve those expert reports on or before August 28, 2015.

- Provided Defendants' document production is completed by March 20, 2015, rebuttal expert reports will be served on or before September 25, 2015.

- Provided Defendants' document production is completed by March 20, 2015, all expert depositions will be concluded by November 6, 2015.

Defendants' Position:

For the reasons explained above, Defendants do not believe it is appropriate to set a schedule for the remainder of discovery in this action, including, but not limited to, merits-related expert discovery.  The parties shall meet and confer regarding a schedule for merits-related expert discovery after completion of Defendants' document production.

## IV.    OTHER MATTERS

### 12.    Amendment and Joinder:

Any motion to amend the pleadings to join additional parties in the Litigation shall be filed on or before March 27, 2015.

### 13.    Class Certification:

<u>Plaintiffs' Position:</u>

Provided Defendants' document production is completed by March 20, 2015, Plaintiffs shall move for class certification on or before May 1, 2015.  The parties shall meet and confer in an effort to agree to a reasonable briefing schedule for class certification motions.

Again, Plaintiffs oppose any effort to bifurcate discovery into "class" and "merits" stages. As stated above, Courts repeatedly reject attempts at bifurcation of discovery as bifurcation will only cause unnecessary discovery disputes involving the Court with respect to what is class and what is merits discovery.  *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 8:10-CV-2008-T-33TGW, 2011 WL 486123, at *2 (M.D. Fla. Feb. 7, 2011) (denying defendant's request for phased discovery in antitrust class action; noting that phased discovery would unnecessarily prolong litigation and increase the expense of both parties); *In re Plastics Additives Antitrust Litig.,* No. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004) ("[b]ifurcation would…belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery").  "Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery…."  3 Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS §7.8 at 25 (4th ed. 2002).

<u>Defendants' Position:</u>

9

A motion to certify a class should be presented early in litigation and does not require an inquiry equivalent to a full-blown trial on the merits.[2]  Accordingly, Plaintiffs shall move for class certification on or before February 27, 2015.  The parties shall complete class certification related discovery by March 20, 2015.  Defendants shall file oppositions to the motion for class certification on or before April 3, 2015.  Plaintiffs shall file any reply in support of the motion for class certification on or before April 17, 2015.

### 14.     Dispositive Motions:

Plaintiffs' Position:

Any dispositive motion shall be filed no later than 30 days after the conclusion of expert discovery.  The parties shall meet and confer in an effort to agree to a reasonable briefing schedule for dispositive motions.

Defendants' Position:

Defendants agree with Plaintiffs' proposal, but, for the reasons discussed above, do not believe that a date for the completion of expert discovery should be set at this time.

### 15.     Pretrial Conference:

Plaintiffs' Position:

The final pretrial conference will be held either (a) 75 days after the close of expert discovery if no dispositive motions are filed, or (b) 30 days after ruling on any post-discovery dispositive motion.

---

[2] *See Kerkhof v. MCI WorldCom, Inc.*, 282 F.3d 44, 54-55 (1st Cir. 2002) ("Fed. R. Civ. P 23(c)(1) directs district courts to decide on certification promptly after a class action begins, and envisions any alterations being made before the decision on the merits.") (internal quotation omitted).

<u>Defendants' Position:</u>

Defendants agree with Plaintiffs' proposed deadline, but for the reasons discussed above, do not believe it is appropriate to set a date for expert discovery at this time.

**16.    Motions *in Limine*:**

All motions *in limine* must be filed no later than 30 days before trial.

**17.    Trial Date:**   To be set by the Court.

**18.    Rules of Practice:**   All motions, applications, and other pre-trial submissions shall be governed by the Local Rules for the District of Puerto Rico and the Federal Rules of Civil Procedure.

**19.    Relief from Order:**   Parties may seek relief from any provision of this Order, including extending any deadlines herein, by application to the Court and a showing of good cause.


**RESPECTFULLY SUBMITTED**,

At San Juan, Puerto Rico, this 29th day of October, 2014.

O'NEILL & BORGES LLC
 By:   *s/Salvador J. Antonetti-Stutts*
Salvador J. Antonetti-Stutts

American International Plaza
250 Muñoz Rivera Ave., Ste. 800
San Juan, PR 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Paul J. Lockwood (admitted *pro hac vice*)
Nicole A. DiSalvo

One Rodney Square
P.O. Box 636

ESPADA MIÑANA & PEDROSA LAW
OFFICE PSC
 By:  *s/Luis E. Miñana*
Luis E. Miñana

122 Calle Manuel Dómench - Altos
Urb. Baldrich
San Juan, PR 00918
Telephone: (787)758-1999
Facsimile: (787)773-0500

-and-

Héctor Eduardo Pedrosa-Luna, Esq.

USDC-PR No. 223202
P.O. Box 9023963

Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000

*Attorneys for Defendants UBS Financial
Services Incorporated of Puerto Rico, UBS
Trust Company of Puerto Rico, UBS
Financial Services Inc. and
Carlos J. Ortiz*

BOBONIS, BOBONIS & RODRIGUEZ
POVENTUD
By: *s/Guillermo J. Bobonis*
Guillermo J. Bobonis

129 De Diego Ave.
San Juan, P.R. 00911-1927
Telephone: (787) 725-7941
Facsimile: (787) 725-4245

*Attorneys for Defendant Miguel A. Ferrer*

MCCONNELL VALDÉS LLC
By: *s/Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera

270 Muñoz Rivera Ave.
Hato Rey, Puerto Rico  00918
Telephone:  (787) 759-9292

*Attorney for Defendants Puerto Rico Fixed
Income Fund III, Inc. and Puerto Rico Fixed
Income Fund V, Inc.*

San Juan, PR 00902-3963
Telephone: (787) 920-7983
Facsimile: (787)764-7511

*Co-Liaison Counsel for the Securities Plaintiffs*

QUETGLAS LAW OFFICES
By: *s/Eric Quetglas-Jordan*
Eric Quetglas-Jordan

USDC-PR No. 202514
PO BOX 16606
San Juan PR 00908-6606
Telephone: (787) 722-0635/(787) 722-7745
Facsimile: (787) 725-3970

*Co-Liaison Counsel for the Securities Plaintiffs*

SCOTT + SCOTT LLP
David R. Scott (admitted *pro hac vice*)
Amanda Lawrence (admitted *pro hac vice*)

156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

Joseph P. Guglielmo (admitted *pro hac vice*)

The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile:: (212) 223-6334

*Lead Counsel for the Securities Plaintiffs*

QUINN, CONNOR, WEAVER, DAVIES &
ROUCO, LPP
Richard P. Rouco

2700 Highway 280
Mountain Brook Center Ste. 380
Birmingham, Alabama 35223
Telephone: (205) 870-9989

*Counsel for the Securities Plaintiffs*