UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: UBS FINANCIAL SERVICES, INC. OF PUERTO RICO SECURITIES LITIGATION | Civil Case No.:  3:12-cv-01663-CCC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' "JOINT" MOTION
<u>FOR AN "URGENT" STATUS CONFERENCE</u>**

**TO THE HONORABLE COURT:**

Defendants UBS Financial Services Incorporated of Puerto Rico ("UBS PR"), UBS Trust Company of Puerto Rico ("UBS Trust"), UBS Financial Services Inc. ("UBSFS") and Carlos J. Ortiz ("Ortiz") (collectively, "UBS Defendants"), Miguel A. Ferrer ("Ferrer"), Puerto Rico Fixed Income Fund III, Inc. and Puerto Rico Fixed Income Fund V, Inc. (together with UBS Defendants, "Defendants"), by and through their undersigned counsel, hereby oppose Plaintiffs' "Joint" Motion for an "Urgent" Status Conference (D.I. 115).

## **INTRODUCTION**

1. Plaintiffs' "Joint" Motion For An "Urgent" Status Conference is neither "joint" nor "urgent" – it is a *unilateral* request for an *ordinary* scheduling conference. The defendants in *Fernandez v. UBS AG*, No.: 3:12-dv-01663-CCC (the "Fernandez Action"), have already responded to the request for a "joint conference" in that action. In this case (the "Securities Action"), Plaintiffs' "urgent" motion serves no purpose at all because a regular process has already been under way to set a discovery schedule.

2. On October 29, 2013, the parties submitted a (truly) joint Report of Rule 26(f) Conference (the "Joint Rule 26(f) Report") setting forth those areas of agreement regarding the discovery schedule and identifying discrete areas of disagreement. Defendants expect that those disagreements will be resolved in the ordinary course through a status conference set at a date and time convenient to the Court. There are no grounds for any party in this action to declare an "emergency" and demand that resolution of these minor scheduling issues be prioritized over all other matters pending before the Court.

3. Plaintiffs will suffer no harm while awaiting an ordinary scheduling conference. In their own words, Plaintiffs request an "urgent" status conference in order to set "an *end* for discovery in the Securities Action." (Pl. Mot. ¶ 2) (emphasis in original). The Joint Rule 26(f) Report confirms that the parties have agreed on near term discovery deadlines, but disagree on end-dates for discovery and the timing of class certification – deadlines that are several months away under either side's proposal. Thus, at present, all parties are actively proceeding with discovery without delay. By agreement, the parties exchanged document requests on November 3, 2014 and will exchange initial disclosures on November 24, 2014. For several months thereafter, both sides will be collecting, reviewing and producing documents. Thus, this is hardly a case that requires emergency intervention by the Court. Defendants respectfully request that the Court set a scheduling conference for the Securities Action in the ordinary course.

## RELEVANT BACKGROUND

4. Plaintiffs' Second Amended Complaint (the "Complaint") does not seek extraordinary relief that requires the Court to deviate from its normal calendar. Plaintiffs primarily seek damages or other monetary relief based on alleged misrepresentations and omissions in connection with Plaintiffs' purchases of shares in thirteen closed-end mutual funds managed by a division of UBS Trust (the "Funds"). Plaintiffs largely copied their allegations in the Securities Action from allegations made by the Securities and Exchange Commission (the "SEC") in an administrative proceeding against defendants Ferrer and Ortiz. The entire premise for this lawsuit was refuted when, on October 29, 2013, Administrative Law Judge Brenda P. Murray dismissed that administrative proceeding and found no wrongdoing by UBS Defendants or Messrs. Ferrer and Ortiz. Plaintiffs continue, however, to litigate these now discredited claims.

**AN EMERGENCY STATUS CONFERENCE IS NOT NEEDED**

5.      The parties are presently engaging in discovery in good faith and do not require "urgent" intervention by the Court.

6.      On October 15, 2014 , the parties to the Securities Action held a telephonic Rule 26 conference to discuss the schedule and plan for discovery in the Securities Action.[1]  The parties followed up that conference with another telephonic meet and confer on October 22, 2014.  Thereafter, counsel for the parties exchanged numerous emails in an effort to resolve their differences regarding the schedule for this action and the discovery plan.  On October 29, 2014, all parties filed the Joint Rule 26(f) Report setting forth the dates upon which the parties reached agreement, as well as the parties' respective positions on disputed deadlines.  Consistent with their agreement, Plaintiffs and Defendants exchanged document requests on November 3, 2014 and will exchange initial disclosures no later than November 24, 2014.  Defendants expect that shortly thereafter, the parties will agree to custodians and search terms for electronically stored information and will begin to gather documents for a rolling production.

7.      Despite the cooperation among counsel described above, on November 4, 2014, Plaintiffs filed this motion for an "urgent" status conference for the purpose of setting "an *end* for discovery in the Securities Action."  (Pl. Mot. ¶ 2) (emphasis in original).  While the parties have not reached agreement on dates for the end of discovery or for the scheduling of a motion for class certification, the deadlines that are in dispute are all several months away.  In the meanwhile, the parties can make significant progress in discovery without the aid of the Court.  Thus, there is no need for the Court to prioritize a scheduling conference for this action outside

---

[1]  The parties to the Fernandez Action did not participate in the Rule 26 conference or any of the subsequent meet and confer communications.

the ordinary course.  Defendants expect that in due course the Court will set a scheduling conference to resolve the parties' differences identified in the Joint Rule 26(f) Report.  Defendants respectfully submit that no "emergency" requires the Court urgently to schedule that conference.

## CONCLUSION

For the foregoing reasons, Plaintiffs' "Joint" Motion for an "Urgent" Status Conference should be denied.

**RESPECTFULLY SUBMITTED**,

At San Juan, Puerto Rico, this 18th day of November, 2014.

| | |
|---|---|
| O'NEILL & BORGES LLC<br> By:   *s/Mauricio O. Muñiz-Luciano*<br>          USDC-PR No. 220914<br>Salvador J. Antonetti-Stutts<br>Mauricio O. Muñiz-Luciano<br>American International Plaza<br>250 Muñoz Rivera Ave., Ste. 800<br>San Juan, PR  00918-1813<br>Telephone: (787) 764-8181<br>Facsimile: (787) 753-8944<br><br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>Paul J. Lockwood (admitted *pro hac vice*)<br>Nicole A. DiSalvo<br><br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware  19899-0636<br>Telephone: (302) 651-3000<br>Facsimile:  (302)651-3005<br><br>*Attorneys for Defendants UBS Financial Services Incorporated of Puerto Rico, UBS Trust Company of Puerto Rico, UBS Financial Services Inc. and Carlos J. Ortiz* | BOBONIS, BOBONIS & RODRIGUEZ POVENTUD<br>By: *s/Guillermo J. Bobonis*<br>Guillermo J. Bobonis<br><br>129 De Diego Ave.<br>San Juan, PR  00911-1927<br>Telephone: (787) 725-7941<br>Facsimile: (787) 725-4245<br><br>*Attorneys for Defendant Miguel A. Ferrer* |

MCCONNELL VALDÉS LLC
By:  *s/Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera

270 Muñoz Rivera Ave.
Hato Rey, PR  00918
Telephone:  (787) 759-9292

*Attorney for Defendants Puerto Rico Fixed Income Fund III, Inc. and Puerto Rico Fixed Income Fund V, Inc.*

5