UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARMELO ROMAN, RICARDO ROMAN            :
RIVERA and SDM HOLDINGS, INC., Individually :   Civil No.: 12-cv-1663-CCC
and on Behalf of All Others Similarly Situated, :
                                        :
             Plaintiffs,                :
                                        :
    vs.                                 :
                                        :
UBS FINANCIAL SERVICES, INC. OF PUERTO  :
RICO; UBS TRUST COMPANY OF PUERTO       :
RICO; PUERTO RICO INVESTORS TAX-FREE    :
FUND IV, INC.; PUERTO RICO FIXED INCOME :
FUND III, INC.; PUERTO RICO FIXED INCOME :
FUND V, INC.; PUERTO RICO INVESTORS     :
BOND FUND I, INC.; PUERTO RICO AAA      :
PORTFOLIO BOND FUND INC.; PUERTO        :
RICO AAA PORTFOLIO BOND FUND II, INC.;  :
MIGUEL A. FERRER, and CARLOS J. ORTIZ   :
                                        :
             Defendants                 :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DEFENDANTS' ANSWER TO PLAINTIFFS'
CLASS ACTION COMPLAINT**

Defendants UBS Financial Services Incorporated of Puerto Rico ("UBS PR" or the "Company"), UBS Trust Company of Puerto Rico ("UBS Trust"), and Carlos J. Ortiz ("Ortiz") (collectively, "Defendants") respond to Plaintiffs' Class Action Complaint (the "Complaint") as follows[1]:

---

[1] Undefined capitalized terms are defined in the Complaint. In addition, all headings and subheadings are repeated solely for the Court's convenience, and Defendants deny all allegations in the headings, subheadings, and footnotes of the Complaint.

## INTRODUCTION

1. Denied, except admitted that Defendants marketed and sold shares of non-exchange-traded closed-end funds in Puerto Rico.

2. Denied, except admitted that UBS PR served as an underwriter for twenty-three closed-end funds, nine of which were co-managed, and marketed and sold shares of those funds to Puerto Rico residents, and that the CEFs were marketed to customers in Puerto Rico.

3. Denied.

4. Denied.

5. Denied.

6. Denied, except admitted that UBS PR implemented a plan to reduce its inventory of CEF shares.

7. Denied, except admitted that Ferrer served as UBS PR's CEO from 2003 through October 2009 and later as its Vice Chairman, and that Ortiz served as UBS PR's Managing Director in charge of Capital Markets.

## JURISDICTION AND VENUE

8. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES

### Plaintiffs

12. Denied, except admitted that Carmelo Román purchased securities of Puerto Rico Investors Tax-Free Fund IV, Inc., and Defendants lack knowledge or information sufficient to identify all of Carmelo Román's and Ricardo Román Rivera's purchases of such securities.

13. Denied, except admitted that SDM Holdings, Inc. purchased securities of Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico AAA Portfolio Bond Fund, Inc., and Puerto Rico AAA Portfolio Bond Fund II, Inc., and Defendants lack knowledge or information sufficient to identify all of SDM Holdings, Inc.'s purchases of such securities.

### Defendants

14. Denied, except admitted that UBS PR is a Puerto Rico corporation with its principal place of business in Puerto Rico, that UBS PR is a subsidiary of UBSFS, that UBS PR was the largest broker dealer in Puerto Rico when the Complaint was filed, and that UBS PR employs financial advisors and has branch offices throughout Puerto Rico.

15. Denied, and Defendants respectfully refer to the referenced sales documents for complete and accurate descriptions of their contents, except admitted that UBS Trust Company of Puerto Rico is an affiliate of UBS PR, and that UBS Asset Managers of Puerto Rico is a division of UBS Trust Company of Puerto Rico and provides advisory services to the CEFs.

16. Denied, except admitted that Puerto Rico Investors Tax-Free Fund IV, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

17. Denied, except admitted that Puerto Rico Fixed Income Fund III, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

18. Denied, except admitted that Puerto Rico Fixed Income Fund V, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

19. Denied.

20. Denied, except admitted that Puerto Rico AAA Portfolio Bond Fund, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws

of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

21.     Denied, except admitted that Puerto Rico AAA Portfolio Bond Fund II, Inc. is a non-diversified, closed-end investment company, is a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

22.     The allegations do not require a response.  To the extent a response is required, the allegations are denied.

23.     Denied, except admitted that Defendant Ferrer is a citizen of Puerto Rico, that he served as UBS PR's Chairman and Chief Executive Officer from 2003 through October 2009, and that he later served as UBS PR's Vice Chairman.

24.     Denied, except admitted that Defendant Ortiz is a citizen of Puerto Rico, that he has been UBS PR's Managing Director of Capital Markets since 2004, and that he was in charge of supervising UBS PR's CEF trading desk.

25.     The allegations do not require a response.  To the extent a response is required, the allegations are denied.

## DEFENDANTS' FRAUDULENT SCHEME
### UBS PR's Marketing and Sales of CEFs Through 2008

26.     Denied, except admitted that UBS PR served as an underwriter for twenty-three closed-end funds, nine of which were co-managed, and that UBS PR maintained a secondary market for the CEFs.  It is also admitted that UBS PR offered investors in the CEFs

the option to reinvest dividends in shares of the CEFs and that CEF shares could be purchased through that program at net asset value.

27. Denied.

28. Denied.

29. Denied.

30. Denied, and Defendants respectfully refer to the referenced brochure for a complete and accurate description of its contents.

31. Denied, except admitted that UBS PR sent its customers monthly account statements.

32. Denied, except admitted that UBS PR held an investor conference in June 2008.

33. Denied.

34. Denied, except admitted that UBS PR's inventory limit was increased to $50 million in December 2008.

35. Denied.

36. Denied, except admitted that UBS PR underwrote Puerto Rico Fixed Income Fund VI, Inc. and Puerto Rico AAA Portfolio Bond Fund II, Inc., and that UBS PR received a commission for the new offerings.

37. Denied, and Defendants respectfully refer to the referenced presentation for a complete and accurate description of its contents.

38. Denied, and Defendants respectfully refer to the referenced prospectuses for the Puerto Rico Fixed Income Fund VI, Inc. and Puerto Rico AAA Portfolio Bond Fund II, Inc. for complete and accurate descriptions of their contents.

39. Denied, and Defendants respectfully refer to the referenced emails for complete and accurate descriptions of their contents.

40. Denied, and Defendants respectfully refer to the referenced email for a complete and accurate description of its contents.

41. Denied, and Defendants respectfully refer to the referenced email for a complete and accurate description of its contents.

42. Denied, and Defendants respectfully refer to the referenced inventory sheets for complete and accurate descriptions of their contents.

43. Denied, except admitted that UBS PR purchased shares of CEFs into its inventory in 2008 and 2009.

**UBS PR Is Forced to Reduce Inventory**

44. Denied, and Defendants refer to the referenced communications for complete and accurate descriptions of their contents.

45. Denied, except admitted that UBSFS conducted a review of the CEFs.

46. Denied.

## "Objective: Soft Landing" Is Launched

47. Denied, and Defendants respectfully refer to the referenced memorandum for a complete and accurate description of its contents.

48. Denied, except admitted that UBS PR held an investor conference in March 2009, and Defendants respectfully refer to the referenced email for a complete and accurate description of its contents.

49. Denied, except admitted that Ortiz and Ferrer spoke at the March 2009 investor conference, and Defendants respectfully refer to the presentation for a complete and accurate description of its contents.

50. Denied, and Defendants respectfully refer to the referenced email for a complete and accurate description of its contents.

51. Denied, except admitted that *El Vocero* published an article on April 24, 2009, and Defendants respectfully refer to the article in *El Vocero* and to the referenced email for complete and accurate descriptions of their contents.

52. Denied, except admitted that UBS PR held sales meetings between April and August 2009.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

8

57.     Denied.

### SEC Investigates Defendants

58.     Denied, except admitted that the SEC announced an Order Instituting Administrative and Cease-and-Desist proceedings against UBS PR on May 1, 2012, and Defendants respectfully refer to that document for a complete and accurate description of its contents.

59.     Denied, except admitted that the SEC brought proceedings against Ferrer and Ortiz, and Defendants respectfully refer to the May 1, 2012 Order Instituting Administrative and Cease-and-Desist Proceedings for a complete and accurate description of its contents.

### LOSS CAUSATION / ECONOMIC LOSS

60.     Denied.

### SCIENTER

61.     Denied.

62.     Denied.

### NO SAFE HARBOR

63.     The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### CLASS ACTION ALLEGATIONS

64.     Denied, except admitted that Plaintiffs purport to bring this Action as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons

who purchased or acquired the Funds from UBS PR during the period from January 1, 2008 to May 1, 2012.

65. Denied.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

67. Denied.

68. Denied.

## EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT I

### For Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### Against UBS PR and the Individual Defendants

73. Defendants repeat and reassert their responses to paragraphs 1 through 72.

74. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

86. Defendants repeat and reassert their responses to paragraphs 1 through 85.

87. The allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

88. Denied.

11

89. The allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

90. The allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

91. Denied.

92. Denied.

93. Denied.

## COUNT III

**Puerto Rico Securities Act - 10. L.P.R.A. § 890**
**(Against All Defendants)**

94. Defendants repeat and reassert their responses to paragraphs 1 through 93.

95. Denied.

96. Denied.

97. Denied, and Defendants respectfully refer to 10 L.P.R.A. § 890(a)(2) for a complete and accurate description of its contents.

98. Denied.

## COUNT IV

**Fraudulent Inducement**
**(Against All Defendants)**

99. Defendants repeat and reassert their responses to paragraphs 1 through 98.

100. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

101. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

102. Denied.

## COUNT V

### Negligent Misrepresentation
### (Against All Defendants)

103. Defendants repeat and reassert their responses to paragraphs 1 through 102.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT VI

### Fraudulent Misrepresentation
### (Against All Defendants)

109. Defendants repeat and reassert their responses to paragraphs 1 through 108.

110. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

111. Denied.

112. Denied.

113. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

114. Denied.

115. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT VII

**Rescission**
**(Against All Defendants)**

116. Defendants repeat and reassert their responses to paragraphs 1 through 115.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied, except admitted that Plaintiffs purport to be seeking rescission from Defendants.

## COUNT VIII

### Breach of Implied Duty to Act in Good Faith
### (Against All Defendants)

122. Defendants repeat and reassert their responses to paragraphs 1 through 121.

123. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied, and Defendants respectfully refer to Article 1258 of the Civil Code for a complete and accurate description of its contents.

124. Denied.

125. Denied.

126. Denied.

127. The allegations state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

128. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, by the statutes of limitations or repose or are otherwise time-barred.

15

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because any alleged omitted or misleading information was publicly available to Plaintiffs and the putative class.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants did not make any false or misleading statements or omissions of material fact and are not responsible in law or in fact for any alleged false or misleading statements or omissions of material fact by others.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants acted in good faith and with justification at all relevant times.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements and omissions, including non-actionable expressions of opinion and puffery, were not material to the

investment decisions of a reasonable investor in view of, inter alia, the total mix of available information.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because certain alleged misstatements are forward-looking statements accompanied by meaningful cautionary language and/or were made without actual knowledge that such statements were false or misleading and are not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1) and (2), or are not actionable under the bespeaks caution doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because no alleged misstatement or omission caused, in whole or in part, any diminution in the price or value of the Funds' securities, and/or because an insufficient number of traders in the Funds' securities relied on the alleged false and misleading statements, acts or omissions to affect the market price of those securities.

### NINTH AFFIRMATIVE DEFENSE

Neither Plaintiffs nor any members of the putative class can establish that their alleged losses were caused by any alleged misrepresentation or omission.  Nor have they suffered any cognizable damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have also failed to comply with their duty to take reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the Class Action Complaint

and are therefore barred from recovering any damages which might reasonably have been avoided.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent Plaintiffs or any persons on whose behalf they purport to act did not purchase or sell securities in any of the Funds during the purported Class Period, and/or because Plaintiffs otherwise lacks standing.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because they assumed the risks disclosed in the public filings or statements, and any losses they experienced were caused because those risks came to fruition.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing securities of the Funds.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because their claim for relief is moot.

### SIXTEENTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs are not adequate representatives of the putative class.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent and hereby reserve all rights to amend this Answer and to assert all such defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants demand judgment dismissing the Class Action Complaint, awarding attorneys' fees and costs and other, further and different relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 20th day of February, 2015.

IT IS HEREBY CERTIFIED that the foregoing was filed electronically with the Clerk of the Court using CM/ECF on this same date and that, as such, the foregoing was served electronically upon all counsel of record.

| | |
|---|---|
| OF COUNSEL: | Salvador J. Antonetti-Stutts |
| Paul J. Lockwood | Mauricio O. Muñiz-Luciano |
| Nicole A. DiSalvo | Ubaldo M. Fernández-Barrera |
| SKADDEN, ARPS, SLATE, | O'NEILL & BORGES LLC |
|   MEAGHER & FLOM LLP | American International Plaza |
| 920 North King Street | 250 Muñoz Rivera Avenue, Suite 800 |
| P.O. Box 636 | Hato Rey, Puerto Rico  00918-1813 |
| Wilmington, Delaware  19899-0636 | Tel.:   (787) 764-8181 |
| Tel.:   (302) 651-3000 | Fax:   (787) 753-8944 |
| Fax:   (302) 651-3001 | |

By: */s/ Mauricio O. Muñiz-Luciano*
      Mauricio O. Muñiz-Luciano
      USDC-PR Bar No. 220914

*Attorneys for Defendants,*

*UBS Financial Services Incorporated of Puerto Rico, UBS Trust Company of Puerto Rico, and Carlos J. Ortiz*