UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMELO ROMAN, RICARDO ROMAN RIVERA and SDM HOLDINGS, INC. Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br> vs.<br><br>UBS FINANCIAL SERVICES, INC. OF PUERTO RICO; UBS TRUST COMPANY OF PUERTO RICO; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO INVESTORS BOND FUND I, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; MIGUEL A. FERRER; and CARLOS J. ORTIZ,<br><br>        Defendants. | Civil Case No.: 3:12-cv-01663-CCC |

### DEFENDANT MIGUEL A. FERRER'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

Defendant Miguel A. Ferrer ("Ferrer"), by and through his undersigned attorneys, as and for his answer to Plaintiffs' Class Action Complaint, filed August 13, 2012 (the "Complaint"), admits, denies and alleges as follows:[1]

### INTRODUCTION

1. Ferrer denies the allegations in paragraph 1 of the Complaint.

---

[1] Otherwise undefined capitalized terms are defined as set forth in the Complaint. In addition, all headings and subheadings are repeated solely for the Court's convenience, and Ferrer denies all allegations in the headings, subheadings, and footnotes of the Complaint to the extent they are asserted against him.

2. Ferrer denies the allegations in paragraph 2 of the Complaint to the extent that they are asserted against him, except admits that there are 23 separately organized closed-end funds ("CEFs"), nine of which were co-managed, that those CEFs held Puerto Rico municipal bonds during the relevant time period, and that those CEFs were marketed and sold, in part, to retail customers in Puerto Rico. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

3. Ferrer denies the allegations in paragraph 3 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

4. Ferrer denies the allegations in paragraph 4 of the Complaint.

5. Ferrer denies the allegations in paragraph 5 of the Complaint.

6. Ferrer denies the allegations in paragraph 6 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

7. Ferrer denies the allegations in paragraph 7 of the Complaint to the extent that they are asserted against him, except admits that he was Chief Executive Officer and Chairman of UBS Financial Services Inc. of Puerto Rico ("UBS PR") from 2003 through October 2009 and was later its Vice Chairman. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

## JURISDICTION AND VENUE

8. The allegations of paragraph 8 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 8 of the Complaint.

9. The allegations of paragraph 9 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 9 of the Complaint.

10. The allegations of paragraph 10 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 10 of the Complaint, except admits that UBS PR is headquartered in Puerto Rico and conducts business in Puerto Rico.

11. Ferrer denies the allegations in paragraph 11 of the Complaint.

**PARTIES**

12. Ferrer denies the allegations in paragraph 12 of the Complaint to the extent that they are asserted against or related to him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

13. Ferrer denies the allegations in paragraph 13 of the Complaint to the extent that they are asserted against or related to him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

14. No response is required to paragraph 14 of the Complaint because the allegations contained therein are not asserted against Ferrer. However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation, except admits that UBS PR is a Puerto Rico corporation with its principal place of business in Hato Rey, Puerto Rico. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

15. No response is required to paragraph 15 of the Complaint because the allegations contained therein are not asserted against Ferrer. However, to the extent any allegation

contained therein is asserted against him, Ferrer denies such allegation, except admits that UBS Trust Company of Puerto Rico is an affiliate of UBS PR. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

16. Ferrer denies the allegations in paragraph 16 of the Complaint, except admits that Puerto Rico Investors Tax-Free Fund IV, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

17. Ferrer denies the allegations in paragraph 17 of the Complaint, except admits that Puerto Rico Fixed Income Fund III, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

18. Ferrer denies the allegations in paragraph 18 of the Complaint, except admits that Puerto Rico Fixed Income Fund V, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

19. Ferrer denies the allegations in paragraph 19 of the Complaint.

20. Ferrer denies the allegations in paragraph 20 of the Complaint, except admits that Puerto Rico AAA Portfolio Bond Fund, Inc. is a non-diversified, closed-end investment company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

21. Ferrer denies the allegations in paragraph 21 of the Complaint, except admits that Puerto Rico AAA Portfolio Bond Fund II, Inc. is a non-diversified, closed-end investment

company, a corporation organized under the laws of the Commonwealth of Puerto Rico, and is registered as an investment company under the Puerto Rico Investment Companies Act.

22. No response is required to paragraph 22 of the Complaint, which purports to define a term. However, to the extent a response is required, Ferrer denies the allegations in paragraph 22 of the Complaint.

23. Ferrer denies the allegations in paragraph 23 of the Complaint, except admits that he is a citizen of Puerto Rico and that he was Chief Executive Officer and Chairman of UBS PR from 2003 through October 2009 and was later its Vice Chairman.

24. No response is required to paragraph 24 of the Complaint because the allegations contained therein are not asserted against Ferrer. However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

25. No response is required to paragraph 25 of the Complaint, which purports to define a term. However, to the extent a response is required, Ferrer denies the allegations in paragraph 25 of the Complaint.

## DEFENDANTS' FRAUDULENT SCHEME

26. Ferrer denies the allegations in paragraph 26 of the Complaint to the extent that they are asserted against him, except admits that there are 23 separately organized CEFs, nine of which were co-managed, that UBS PR offered investors in the CEFs the option to reinvest dividends in shares of the CEFs, and that CEF shares could be purchased through that program at net asset value. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

27. Ferrer denies the allegations in paragraph 27 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

28. Ferrer denies the allegations in paragraph 28 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

29. Ferrer denies the allegations in paragraph 29 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

30. Ferrer denies the allegations in paragraph 30 of the Complaint to the extent they are asserted against him and respectfully refers the Court to the "UBS Family of Funds" brochures for their contents.

31. Ferrer denies the allegations in paragraph 31 of the Complaint to the extent that they are asserted against him, except admits that UBS PR sent customers monthly and quarterly account statements. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

32. Ferrer denies the allegations in paragraph 32 of the Complaint to the extent that they are asserted against him, except admits that UBS PR hosted an investor conference in June 2008. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

33. Ferrer denies the allegations in paragraph 33 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

34. Ferrer denies the allegations in paragraph 34 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

35. Ferrer denies the allegations in paragraph 35 of the Complaint, except admits that he attended a UBS PR Group Management Board meeting on August 12, 2008 and sent an email on August 29, 2008 to Carlos Ubiñas, then President of UBS PR, and Eugenio Belaval, then President of UBS Trust Company of Puerto Rico.

36. Ferrer denies the allegations in paragraph 36 of the Complaint to the extent they are asserted against him, except admits that Puerto Rico Fixed Income Fund VI, Inc. and Puerto Rico AAA Portfolio Bond Fund II, Inc. were two CEF offerings for which UBS PR acted as underwriter. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

37. Ferrer denies the allegations in paragraph 37 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

38. Ferrer denies the allegations in paragraph 38 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

39. Ferrer denies the allegations in paragraph 39 of the Complaint.

40. Ferrer denies the allegations in paragraph 40 of the Complaint, except admits that he sent an email to UBS PR's financial advisors on September 10, 2008, and respectfully refers the Court to the email for its contents.

41. Ferrer denies the allegations in paragraph 41 of the Complaint, except admits that he sent an email to certain UBS PR executives in September 2008, and respectfully refers the Court to the email for its contents.

42. No response is required to paragraph 42 of the Complaint because the allegations contained therein are not asserted against Ferrer. However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and, in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

43. Ferrer denies the allegations in paragraph 43 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

44. Ferrer denies the allegations in paragraph 44 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

45. Ferrer denies the allegations in paragraph 45 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

46. Ferrer denies the allegations in paragraph 46 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

47. Ferrer denies the allegations in paragraph 47 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

48. Ferrer denies the allegations in paragraph 48 of the Complaint to the extent that they are asserted against him, except admits that a UBS PR investor conference was held on March 31, 2009 and that he wrote an email to the UBS PR financial advisors on March 26, 2009, and respectfully refers the Court to the email for its contents.

49. Ferrer denies the allegations in paragraph 49 of the Complaint to the extent that they are asserted against him, except admits that he delivered opening remarks at a UBS PR investor conference on March 31, 2009.

50. Ferrer denies the allegations in paragraph 50 of the Complaint, except admits that he sent an email to the UBS PR financial advisors on April 1, 2009, and respectfully refers the Court to the email for its contents.

51. Ferrer denies the allegations in paragraph 51 of the Complaint, except admits that an article was published in *El Vocero* on April 24, 2009 and that he sent an email to the UBS PR financial advisors on April 24, 2009, and respectfully refers the Court to the article and email for their contents.

52. No response is required to paragraph 52 of the Complaint because the allegations contained therein are not asserted against Ferrer. However, to the extent any allegation contained therein is asserted against him, Ferrer denies such allegation and in all other respects, denies knowledge or information sufficient to form a belief as to the remaining allegations.

53. Ferrer denies the allegations in paragraph 53 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

54. Ferrer denies the allegations in paragraph 54 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

55. Ferrer denies the allegations in paragraph 55 of the Complaint to the extent that they are asserted against him. In all other respects, Ferrer denies knowledge or information sufficient to form a belief as to the remaining allegations.

56. Ferrer denies the allegations in paragraph 56 of the Complaint.

57. Ferrer denies the allegations in paragraph 57 of the Complaint.

## SEC INVESTIGATES DEFENDANTS

58. Ferrer denies the allegations in paragraph 58 of the Complaint, except admits that, on May 1, 2012, the SEC issued an Order Instituting Administrative and Cease-and-Desist Proceeding (the "Order") against him and respectfully refers the Court to the Order for its contents. Ferrer further admits that, on October 29, 2013, the Chief Administrative Law Judge for the SEC issued an Initial Decision (the "ALJ Decision") dismissing the administrative and cease-and-desist proceeding against Ferrer and respectfully refers the Court to the ALJ Decision for its contents.

59. Ferrer denies the allegations in paragraph 59 of the Complaint to the extent that they are asserted against him, except admits that that, on May 1, 2012, the SEC issued the Order. Ferrer further admits that, on October 29, 2013, the Chief Administrative Law Judge for the SEC issued the ALJ Decision dismissing the administrative and cease-and-desist proceeding against Ferrer and respectfully refers the Court the Order Imposing Remedial Sanctions against UBS PR for its contents.

## LOSS CAUSATION / ECONOMIC LOSS

60. Ferrer denies the allegations in paragraph 60 of the Complaint.

## SCIENTER

61. Ferrer denies the allegations in paragraph 61 of the Complaint.

62. Ferrer denies the allegations in paragraph 62 of the Complaint.

## NO SAFE HARBOR

63. The allegations of paragraph 63 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 63 of the Complaint.

## CLASS ACTION ALLEGATIONS

64. The allegations of paragraph 64 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 64 of the Complaint.

65. Ferrer denies the allegations in paragraph 65 of the Complaint.

66. The allegations of paragraph 66 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 66 of the Complaint.

67. The allegations of paragraph 67 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 67 of the Complaint.

68. The allegations of paragraph 68 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 68 of the Complaint.

**EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS**

69. Ferrer denies the allegations in paragraph 69 of the Complaint.

70. Ferrer denies the allegations in paragraph 70 of the Complaint.

71. Ferrer denies the allegations in paragraph 71 of the Complaint.

72. Ferrer denies the allegations in paragraph 72 of the Complaint.

**COUNT I**
**For Violations of Section 10(b) of the Exchange Act and Rule 10b-5**
**(Against UBS PR and the Individual Defendants)**

73. With respect to paragraph 73 of the Complaint, Ferrer repeats and reasserts each of his responses to paragraphs 1 through 72 of the Complaint as if set forth herein.

74. The allegations of paragraph 74 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 74 of the Complaint.

75. Ferrer denies the allegations in paragraph 75 of the Complaint.

76. Ferrer denies the allegations in paragraph 76 of the Complaint.

77. Ferrer denies the allegations in paragraph 77 of the Complaint.

78. Ferrer denies the allegations in paragraph 78 of the Complaint, except admits that he was Chief Executive Officer and Chairman of UBS PR from 2003 through October 2009 and was later its Vice Chairman.

79. Ferrer denies the allegations in paragraph 79 of the Complaint.

80. Ferrer denies the allegations in paragraph 80 of the Complaint.

81. Ferrer denies the allegations in paragraph 81 of the Complaint.

82. Ferrer denies the allegations in paragraph 82 of the Complaint.

83. Ferrer denies the allegations in paragraph 83 of the Complaint.

84. Ferrer denies the allegations in paragraph 84 of the Complaint.

85. Ferrer denies the allegations in paragraph 85 of the Complaint.

## COUNT II
### For Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

86. With respect to paragraph 86 of the Complaint, Ferrer repeats and reasserts each of his responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. The allegations of paragraph 87 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 87 of the Complaint.

88. Ferrer denies the allegations in paragraph 88 of the Complaint.

89. The allegations of paragraph 89 of the Complaint purport to state a conclusion of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 89 of the Complaint.

90. Ferrer denies the allegations in paragraph 90 of the Complaint.

91. Ferrer denies the allegations in paragraph 91 of the Complaint.

92. Ferrer denies the allegations in paragraph 92 of the Complaint.

93. Ferrer denies the allegations in paragraph 93 of the Complaint.

## COUNT III
### Puerto Rico Securities Act – 10 L.P.R.A. §890
### (Against All Defendants)

94. With respect to paragraph 94 of the Complaint, Ferrer repeats and reasserts each of his responses to paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95. Ferrer denies the allegations in paragraph 95 of the Complaint.

96. Ferrer denies the allegations in paragraph 96 of the Complaint.

97. Ferrer denies the allegations in paragraph 97 of the Complaint.

98. Ferrer denies the allegations in paragraph 98 of the Complaint.

## COUNT IV
### Fraudulent Inducement
### (Against All Defendants)

99. With respect to paragraph 99 of the Complaint, Ferrer repeats and reasserts each of his responses to paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100. Ferrer denies the allegations in paragraph 100 of the Complaint.

101. Ferrer denies the allegations in paragraph 101 of the Complaint.

102. Ferrer denies the allegations in paragraph 102 of the Complaint.

## COUNT V
### Negligent Misrepresentation
### (Against All Defendants)

103. With respect to paragraph 103 of the Complaint, Ferrer repeats and reasserts each of his responses to paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104. Ferrer denies the allegations in paragraph 104 of the Complaint.

105. Ferrer denies the allegations in paragraph 105 of the Complaint.

106. Ferrer denies the allegations in paragraph 106 of the Complaint.

107. Ferrer denies the allegations in paragraph 107 of the Complaint.

108. Ferrer denies the allegations in paragraph 108 of the Complaint.

## COUNT VI
### Fraudulent Misrepresentation
### (Against All Defendants)

109. With respect to paragraph 109 of the Complaint, Ferrer repeats and reasserts each of his responses to paragraphs 1 through 108 of the Complaint as if fully set forth herein.

110. Ferrer denies the allegations in paragraph 110 of the Complaint.

111. Ferrer denies the allegations in paragraph 111 of the Complaint.

112. Ferrer denies the allegations in paragraph 112 of the Complaint.

113. Ferrer denies the allegations in paragraph 113 of the Complaint.

114. Ferrer denies the allegations in paragraph 114 of the Complaint.

115. Ferrer denies the allegations in paragraph 115 of the Complaint.

### COUNT VII
### Rescission
### (Against All Defendants)

116. With respect to paragraph 116 of the Complaint, Ferrer repeats and reasserts each of his responses to paragraphs 1 through 115 of the Complaint as if fully set forth herein.

117. Ferrer denies the allegations in paragraph 117 of the Complaint.

118. Ferrer denies the allegations in paragraph 118 of the Complaint.

119. Ferrer denies the allegations in paragraph 119 of the Complaint.

120. Ferrer denies the allegations in paragraph 120 of the Complaint.

121. No response is required to paragraph 121 of the Complaint, which purports to describe the relief Plaintiffs are seeking. However, to the extent a response is required, Ferrer denies the allegations in paragraph 121 of the Complaint.

### COUNT VIII
### Breach of Implied Duty of Good Faith
### (Against All Defendants)

122. With respect to paragraph 122 of the Complaint, Ferrer repeats and reasserts each of his responses to paragraphs 1 through 121 of the Complaint as if fully set forth herein

123. The allegations of paragraph 123 of the Complaint purport to state conclusions of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 123 of the Complaint.

124. Ferrer denies the allegations in paragraph 124 of the Complaint.

125. Ferrer denies the allegations in paragraph 125 of the Complaint.

126. Ferrer denies the allegations in paragraph 126 of the Complaint.

127. The allegations of paragraph 127 of the Complaint purport to state conclusions of law to which no response is required. However, to the extent a response is required, Ferrer denies the allegations in paragraph 127 of the Complaint.

128. Ferrer denies the allegations in paragraph 128 of the Complaint.

## AFFIRMATIVE DEFENSES

Ferrer asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of discovery or preparation for trial, it becomes appropriate. Ferrer further incorporates by reference any affirmative defense that any other defendant pleads in this action to the extent the affirmative defense applies to any claim against Ferrer in whole or in part.

## FIRST DEFENSE

The Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

The claims asserted against Ferrer in the Complaint are barred, in whole or in part, by the applicable statute of limitations or repose or are otherwise time-barred.

## THIRD DEFENSE

The claims asserted against Ferrer in the Complaint are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or estoppel.

## FOURTH DEFENSE

Plaintiffs lack standing to assert the claims against Ferrer set forth in the Complaint.

## FIFTH DEFENSE

This action is not maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

The state law claims asserted against Ferrer in the Complaint are barred, in whole or in part, because they are preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

## SEVENTH DEFENSE

With respect to any act or omission for which Ferrer is alleged to be liable as a controlling person under Section 20 of the Securities Exchange Act of 1934, Ferrer acted in good faith and did not directly or indirectly participate in, induce, or condone the acts or omissions alleged in the Complaint.

## EIGHTH DEFENSE

The claims asserted against Ferrer in the Complaint are barred, in whole or in part, because Plaintiffs' claims for relief are moot.

**WHEREFORE**, Ferrer respectfully requests:

1. That judgment be entered in his favor and against Plaintiffs;
2. That all of Plaintiffs' claims and the Complaint against Ferrer be dismissed with prejudice;
3. Awarding Ferrer all of his costs, disbursements and reasonable attorneys' fees incurred in connection with this action; and

4. Granting such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, on February 20, 2015.

IT IS HEREBY CERTIFIED that the foregoing was filed electronically with the Clerk of the Court using CM/ECF on this same date and that, as such, the foregoing was served electronically upon all counsel of record.

>Guillermo J. Bobonis
>Enrique G. Figueroa-Llinás
>BOBONIS, BOBONIS & RODRIGUEZ POVENTUD
>129 De Diego Ave.
>San Juan, P.R. 00911-1927
>Telephone: (787) 725-7941
>Facsimile: (787) 725-4245
>
>By: /s/ Guillermo J. Bobonis
>    Guillermo J. Bobonis
>
>Melvin A. Brosterman (admitted *pro hac vice*)
>Francis C. Healy (admitted *pro hac vice*)
>STROOCK & STROOCK & LAVAN LLP
>
>180 Maiden Lane
>New York, New York 10038
>Telephone: (212) 806-5400
>Facsimile: (212) 806-6006
>
>*Attorneys for Defendant Miguel A. Ferrer*