## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
CARMELO ROMÁN, RICARDO ROMÁN              :
RIVERA and SDM HOLDINGS, INC. Individually :
and on Behalf of All Others Similarly Situated, :
                                          :
              Plaintiffs,                 :
                                          :
    vs.                                   :   Civil No. 12-1663-CCC-BJM
                                          :
UBS FINANCIAL SERVICES, INC. OF PUERTO    :
RICO, et al.                              :
                                          :
              Defendants.                 :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RESTRICT IN COMPLIANCE WITH STANDING ORDER NO. 9 (REGARDING ECF NO. 203)**

COME NOW, Defendants UBS Financial Services Incorporated of Puerto Rico, UBS Trust Company of Puerto Rico (the "UBS Defendants"), Carlos J. Ortiz, Miguel A. Ferrer, Puerto Rico Fixed Income Fund III, Inc., and Puerto Rico Fixed Income Fund V, Inc., by and through their undersigned counsel, and hereby respond to Plaintiffs' Motion to Restrict In Compliance With Standing Order No. 9 (Regarding ECF No. 203) (the "Motion to Restrict"):

1.  Although Plaintiffs have styled their motion as a "Motion to Restrict" in compliance with the Court's Standing Order No. 9, they have actually asked the Court to *unseal* confidential documents filed at ECF No. 203. Including such a request in a "Motion to Restrict" is contrary to the Protective Order Restricting Disclosure of Confidential Information (the "Protective Order") (D.I. 137) and Standing Order No. 9. Because Plaintiffs proceeded in this manner – rather than filing a formal motion to unseal – Defendants are compelled to respond to the Motion to Restrict. For the reasons explained below, ECF No. 203 and the documents attached thereto contain confidential and sensitive information regarding the Defendants and a non-party that should remain restricted to the Court and case participants only.

2.	On January 30, 2015, the Court entered the Protective Order governing the designation and use of confidential information produced in discovery.  (D.I. 137)  Pursuant to the Protective Order, any "Producing Person" may designate documents produced in discovery as "CONFIDENTIAL."  (*Id.* at ¶ 8)  The definition of "Producing Person" expressly includes non-parties (*id.* ¶ 5), and the Protective Order requires the parties to abide by the requirements of the order "with respect to all designated documents and information produced during the course of this litigation, including with respect to the designations by a non-party" (*id.* ¶ 8).  The Protective Order also requires any party filing a designated document with the Court to file it in accordance with the Court's ECF/Restricted Copy procedures so as to maintain the confidentiality of the document.  (*Id.* ¶ 18)

3.	On July 23, 2015, Plaintiffs served a subpoena duces tecum on non-party Marchand ICS, Inc. ("Marchand"), demanding production of documents in connection with this litigation.  Since that time, Marchand has produced documents in response to that subpoena and, pursuant to the provisions of the Protective Order, designated many of those documents as "CONFIDENTIAL."

4.	On August 3, 2015, the UBS Defendants produced a privilege log to Plaintiffs listing documents that had been withheld from production on the basis of privilege and describing the documents and the reasons for withholding them from production.  In accordance with the Protective Order, the UBS Defendants designated the privilege log as "CONFIDENTIAL" because it contained details about confidential, privileged communications related to the Defendants' business and preparation for litigation.

5.	On October 23, 2015, Plaintiffs filed a Reply Memorandum In Further Support Of Plaintiffs' Motion For Intervention And To Supplement Complaint (the "Reply Memorandum"). (D.I. 203-1)  With that filing, Plaintiffs included a Declaration of Amanda F. Lawrence (D.I. 203-2), which attached several pages from the UBS Defendants' privilege log and two documents that had been produced by non-party Marchand and which Marchand had designated

"CONFIDENTIAL" (together, the "Designated Documents").[1]  (D.I. 203-4, 203-5, 203-6) Plaintiffs also quoted heavily from the Designated Documents in their Reply Memorandum.

6.  On October 26, 2015, in purported satisfaction of the requirements of the Protective Order, Plaintiffs filed their Motion to Restrict.  (D.I. 204)  In that motion, however, Plaintiffs requested that the Court grant public access to their Reply Memorandum, the Declaration of Amanda F. Lawrence and the documents attached to that declaration.  Plaintiffs' only statement in support of their request is that it "is in the public interest and should be permitted consistent with controlling First Circuit authority with respect to this issue."  (*Id.* at 3)

7.  In their Motion to Restrict, Plaintiffs assert that the public should be granted access to the Designated Documents because they were designated "by a third-party" and because "they merely disclose information to be sent to all shareholders." (*Id.* at 2)  That description is misleading.  The privilege log was designated by the UBS Defendants, not a third-party, and it contains the UBS Defendants' descriptions of confidential and privileged communications and documents prepared in anticipation of litigation.  (D.I. 203-5).  In addition, one of the documents designated by Marchand notes that the information contained within it was "for internal use only" and that it should not be distributed outside of UBS.  (D.I. 203-6)  Plaintiffs' attempt to lump all of the documents together in a single description is disingenuous and contrary to the document-by-document approach that courts in the First Circuit apply when considering whether the public should be granted access to materials produced in discovery.  *See, e.g.*, *Bradford & Bigelow, Inc. v. Richardson*, Nos. 13-11025-RWZ, 14-14113-RWZ, 2015 WL 3819234, at *2 (D. Mass. June 19, 2015).

8.  In any event, Plaintiffs' misleading assertion is not sufficient reason to remove the Designated Documents from restricted access.  The fact that the some of the documents were

---

[1] Exhibit A to the Lawrence Declaration is an internet print-out from a May 2, 2012 article from *El Nuevo Día*.  (D.I. 203-3)  That article was not produced by any party or non-party in this litigation, and Defendants do not contend that it should be restricted from public access.

designated as confidential by a non-party should, if anything, afford them greater protection because granting Plaintiffs' request would implicate the rights of an entity who has no interest in this litigation.  And Plaintiffs did not even attempt to resolve their objections with Marchand before filing their Motion to Restrict, which is required by the Protective Order.  (D.I. 137 ¶ 14)

9. Furthermore, Plaintiffs have not cited any precedent or offered any explanation as to why the information contained in these documents should be made available to the public. Although a presumption of public access generally attaches to court filings, courts apply a sliding scale to evaluate whether that presumption can be overcome.  "The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it." *Bradford & Bigelow*, 2015 WL 3819234, at *2.  On the other hand, if "there is no tradition of public access" to the subject matter of the filing, "the presumption may be overcome." *Id.*

10. Here, none of the Designated Documents have been filed with the Court because they are probative of the merits of this case.  Rather, Plaintiffs attached them to a non-dispositive motion to supplement their complaint, supposedly to explain why they waited two years before filing that motion. (D.I. 203-1 at 4-5)  But the reasons for Plaintiffs' delay do not relate to the merits of any pleaded or non-pleaded claims.  Rather than promoting a legitimate right of public access, Plaintiffs' request that the Court remove these documents from Restricted Access appears to be directed at harassing non-party Marchand and Defendants, and their request should be denied. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

11. For all of the foregoing reasons, Defendants respectfully request that the Court maintain Restricted Access over Plaintiffs' Reply Memorandum (D.I. 203-1) and the confidential documents attached to the Lawrence Declaration (D.I. 203-4, 203-5, 203-6).

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, on November 12, 2015.

IT IS HEREBY CERTIFIED that the foregoing was filed electronically with the Clerk of the Court using CM/ECF on this same date and that, as such, the foregoing was served electronically upon all counsel of record.

| | |
|---|---|
| MCCONNELL VALDÉS LLC<br>By: /s/ *Roberto C. Quiñones-Rivera*<br>Roberto C. Quiñones-Rivera<br><br>270 Muñoz Rivera Ave.<br>Hato Rey, Puerto Rico  00918<br>Telephone:  (787) 759-9292<br><br>*Attorney for Defendants Puerto Rico Fixed Income Fund III, Inc. and Puerto Rico Fixed Income Fund V, Inc.* | O'NEILL & BORGES LLC<br>By: /s/ *Salvador J. Antonetti-Stutts*<br>Salvador J. Antonetti-Stutts<br><br>By: /s/ *Ubaldo M. Fernández*<br>Ubaldo M. Fernández<br><br>American International Plaza<br>250 Muñoz Rivera Ave., Ste. 800<br>Hato Rey, Puerto Rico  00918-1813<br>Telephone: (787) 764-8181<br>Facsimile: (787) 753-8944 |
| BOBONIS, BOBONIS &<br>   RODRIGUEZ POVENTUD<br>By: /s/ *Guillermo J. Bobonis*<br>Guillermo J. Bobonis<br><br>129 De Diego Ave.<br>San Juan, Puerto Rico  00911-1927<br>Telephone: (787) 725-7941<br>Facsimile: (787) 725-4245 | SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>Paul J. Lockwood (*admitted pro hac vice*)<br>Nicole A. DiSalvo<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware  19899-0636<br>Telephone: (302) 651-3000<br>Facsimile:  (302) 651-3001 |
| STROOCK & STROOCK & LAVAN LLP<br>Melvin A. Brosterman (*admitted pro hac vice*)<br>Francis C. Healy (*admitted pro hac vice*)<br>180 Maiden Lane<br>New York, New York  10038<br>Telephone: (212) 806-5632<br>Facsimile: (212) 806-6006<br><br>*Attorneys for Defendant Miguel A. Ferrer* | *Attorneys for Defendants UBS Financial Services Incorporated of Puerto Rico, UBS Trust Company of Puerto Rico and Carlos J. Ortiz* |