IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARMELO ROMÁN**, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>**UBS FINANCIAL SERVICES, INC. OF PUERTO RICO**, *et al.*,<br><br>        Defendants. | Civil No. 12-1663 (CCC/BJM) |

**ORDER ON MOTION TO COMPEL DISCOVERY**

      Carmelo Román, Ricardo Román, and SDM Holdings, Inc. (collectively "Román") move to compel the production of documents by UBS Financial Services, Inc. of Puerto Rico, its affiliated entities, Miguel A. Ferrer ("Ferrer"), and Carlos J. Ortiz (collectively "UBS"). Pls.' October 13, 2015 Mot. Compel ("Second Motion to Compel"), Docket No. 197. After explaining the procedural history in this case, I find that the motion before the court is untimely. Accordingly, it is **DENIED**.

*Román's Requests for Production of Documents*

      Román has served on UBS three sets of requests for production of documents. He initially served two sets of requests for production of documents on November 3, 2014. Docket Nos. 156-5, 156-6. The first set of requests primarily asked for documents that UBS disclosed during proceedings before the Securities and Exchange Commission ("SEC"). Pls.' First Req. Produc. Docs, Docket No. 156-1. The second set of requests primarily asked for documents related to the pricing and valuation of the closed-end funds ("CEFs") that UBS sold. Pls.' Second Req. Produc. Docs., Docket No. 156-2. On July 24, 2015, Román served on UBS a third set of requests, which requested documents

Román et al. v. UBS Financial Services, Inc. of P.R. et al., Civil No. 12-1663 (CCC/BJM)                                2

similar to those requested in the second set of requests.[1] Pls.' Third Req. Produc. Docs., Docket No. 197-3.

*Procedural History*

The court in this case ordered that discovery be concluded by June 10, 2015. Docket No. 159. On February 20, 2015, Román filed his first motion to certify the class. Docket No. 145. Approximately one month later, on March 13, 2015, he moved to compel discovery and for sanctions against UBS. Docket No. 156, ("First Motion to Compel"). In that First Motion to Compel, Román informed the court that UBS had not produced documents that were sought on November 3, 2014. Importantly, however, Román only sought to compel the production of documents relating to his first set of requests. First Mot. Compel at 11–12. Specifically, Román sought to compel the production of the "search protocol" UBS used to produce documents to the SEC[2] and the "hard copy files of each of the 46 current and former UBS employees that [it] identified in its initial disclosures . . . ." *Id.* UBS opposed Román's motion to compel, arguing that no court intervention was required because it was working with Román toward completing the production of documents and disclosing the appropriate custodians and search terms to guide discovery. Docket No. 158.

On May 4, 2015, the court denied Román's motion to certify the class, but allowed him to refile it by June 30, 2015. Docket No. 160. On May 21, 2015, the parties jointly moved to appoint a magistrate judge to resolve the discovery dispute arising from Román's First Motion to Compel, Docket No. 161, but the court denied that motion, Docket No. 162.

---

[1] As Román acknowledges, the "relevant requests" in the Second Motion to Compel are found within his second set of requests (Nos. 4, 8, 9, 15) and his third set of requests (Nos. 1–4, 6, and 13). Second Mot. Compel at 4 n.1, Docket No. 197.

[2] In January 2015, Román requested that the SEC produce the documents UBS presented to it; he later moved to withdraw that request because UBS possessed the documents he requested and so he would "attempt to obtain the Documents, to the extent that they have yet to be produced, from [UBS] and their counsel, Skadden, rather than from the SEC." Docket No. 175.

On June 30, 2015, Román filed his second motion to certify the class. Docket No. 168, which UBS opposed,[3] Docket No. 185, and which is currently before the court. On October 13, 2015—approximately four months after the conclusion of the discovery period—Román filed a Second Motion to Compel Discovery. Docket No. 197. This Second Motion to Compel seeks documents relating to his second and third sets of requests. Second Mot. Compel at 4 n.1, Docket No. 197. Román claims the discovery sought in this motion is necessary to complete the class certification record.

At this juncture, Román's Second Motion to Compel is untimely. *See Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996). In *Ayala-Gerena*, the First Circuit held that the trial court did not abuse its discretion in denying as untimely a motion to compel the production of documents. *Id.* In that case, the plaintiffs claimed the defendants were "hiding" documents but waited "more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court." *Id.* Similarly, after extending the initial discovery deadline, the court in this case ordered that discovery be concluded by June 10, 2015. Docket No. 159. Approximately four months after that deadline, Román filed his Second Motion to Compel on October 13, 2015.

Critically missing from Román's Second Motion to Compel is an explanation as to why a court order was not requested at an earlier time—specifically, before the discovery period in this case concluded. For example, he could have filed his Second Motion to Compel in the approximate two-month time period between the denial of his first motion to certify the class and the filing of his second motion to certify the class. Docket Nos. 160, 168. Though he noted at certain points within his second motion to certify the class that UBS failed to produce discovery, he did not previously or

---

[3] Ferrer filed his own opposition to Román's motion to certify the class. Docket No. 182.

Román et al. v. UBS Financial Services, Inc. of P.R. et al., Civil No. 12-1663 (CCC/BJM)                    4

simultaneously file a motion to compel discovery of those documents. Docket No. 168-1 at 18 n.9, 25.

Román's delay in requesting the court order he seeks now becomes starker after considering that his first and second sets of requests were served on November 3, 2014, and that his second and third requests essentially ask for the same documents. Indeed, Román could have sought the order he seeks now when filed his First Motion to Compel. As noted above, however, he limited that first motion to documents relating to the SEC investigation. The parties have resolved that earlier dispute as far as the court can tell, as Román has sought to withdraw the third-party subpoena to the SEC, Docket No. 175; Román does not seek that information in the Second Motion to Compel, Docket No. 197; and UBS claims it has now "complied with [Román's] request to produce all pre-trial transcripts and all of the exhibits and transcripts from the SEC trial," Docket No. 209 at 13. In sum, because of Román's delay in filing the Second Motion to Compel, it is denied.

## CONCLUSION

For the foregoing reasons, the motion to compel is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of December 2015.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge